# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

SCANNED at MENARD and E-mailed
10-30-24 by JA  173 pages
Date        initials    No.

DEONTAE LATHAM

_____

_____

_____

*Plaintiff(s)/Petitioner(s)*

v.

Collins

John DOE # 1 Active Correctional officer)

John DOE # 2 Active Correctional officer)

John DOE # 3 Active Correctional officer)

*Defendant(s)/Respondent(s)*

Case Number: 24-2391-NJR
*(Clerk's Office will provide)*

☑ **CIVIL RIGHTS COMPLAINT**
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ **CIVIL RIGHTS COMPLAINT**
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ **CIVIL COMPLAINT**
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I. JURISDICTION

**Plaintiff:**

A.  Plaintiff's mailing address, register number, and present place of confinement. MENARD C.C. P.O. Box 1000, 62259 ID#M53473  NoRth two Restrictive Housing

**Defendant #1:**

B.  Defendant Kevin ReicHeRT _____ is employed as
    (a)        (Name of First Defendant)

    Acting WARDEN
    (b)        (Position/Title)

    with MENARD P.O Box 1000 62259
    (c)        (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☑ Yes    ☐ No

If your answer is YES, briefly explain: At the time when the situation took place he was one of the Acting Warden Working for menard

Rev. 10/3/19

**Defendant #2:**

C.   Defendant _ANTHONY Wills_ is employed as
(Name of Second Defendant)

_Head WARDEN_
(Position/Title)

with   _MENARD C.C. P.o. box 1000, 62259_
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain: He Was the head WARDEN when these claims took place and also employed by the state

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

ANTHONY Jones (SgT.) an active Sgt. Working at menard C.C.
LT. WAlKER an active LT. Working at menard C.C.
(SGT.) Jackson an active Sgt. Working at menard C.C.
(LT.) DyE an active LT. Working at the menard C.C.
C/O R. GearHart (INTernal Affairs) an active I.A officer Working at menard C.C.
C/O CoLLINS an active Correctinal officer Working at Menard C.C.
John Doe #4 an active Correctinal officer working at menard C.C.
John Doe #5 an active Correctinal officer Workin at menard C.C.

Rev. 10/3/19 The defendants at menard C.C. all work for the state, ~~house all federal governeeees~~ and are employed for the state

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☒No

B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):      N/A

Defendant(s):  N/A

2.    Court (if federal court, name of the district; if state court, name of the county):  N/A

3.    Docket number:  N/A

4.    Name of Judge to whom case was assigned:  N/A

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):  N/A

6.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):  N/A

Rev. 10/3/19

7.  Approximate date of filing lawsuit: N/A

8.  Approximate date of disposition: N/A

9.  Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" N/A

## III.   GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution? ☑ Yes   ☐ No

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☑ Yes   ☐ No

C.  If your answer is YES,
1.  What steps did you take? I wrote the grievance and mark it "emergency" and sent it out to the Warden.

2.  What was the result? The result came back "none emergency" and was told to send it to 1st level review which is the Counselor

D.  If your answer is NO, explain why not. N/A

E.  If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? N/A   ☐ Yes   ☐ No

F.  If your answer is YES,
1.  What steps did you take? N/A

Rev. 10/3/19

2.    What was the result? *N/A*

G.    If your answer is NO, explain why not. *N/A*

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not: *N/A*

Rev. 10/3/19

## IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

See the Attacth Claims on the saperate sheet of paper due to the ~~length by~~ lengthy of claims

Rev. 10/3/19

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

I would like for my rights to be respected and not to be Violated at all. All momentary, injuction relief I stated ~~through~~ these Claims I stated on a Within separate sheet of paper

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:  9.22.24
(date)

Signature of Plaintiff

MENARD P.O. Box 1000
Street Address

DEONTAE LATHAM
Printed Name

MENARD IL 62259
City, State, Zip

M53473
Prisoner Register Number

Signature of Attorney (if any)

Rev. 10/3/19

## Affidavit of Deontae Latham

I the PLAINTIFF have recieved the ~~come~~ Neccessary So I Can file A Complete "1983" form. I have done My due diligence in providing the Court with what is needed I Cannot Provide what is not given to me I have requested the Prior six month Account bAlances But have yet to recieve them. I the PLAINtiff have drafted the Suit, I request the Court to order MENARD C.C. to provide the Neccessary Documentation.

under Penalty of PerJury (Pursuant to 28 U.S.C 1746) I declare that this Aforementioned Affidavit I, DeONTAE LATHAM, Provide the above statement in good faith and I know and Believe the Contents herein are true in Substance and fact.

Date: 9-28-24

Deontae Latham

Deontae M. LATHAM
ID# M53473
P.O. Box 1000,
MENARD C.C. 62259

UNITED STATES DISTRICT COURT FOR
THE SOUTH DISTRICT OF ILLINOIS

DEONTAE LATHAM.,
# M53473

        PLAINTIFF,

        -VS-

KEVIN REICHERT (ACTING WARDEN)   CASE No.
ANTHONY WILLS (WARDEN)
ANTHONY JONES (SGT.)
LT. WALKER
SGT. JACKSON
LT. DYE
C/O R. GEARHART (INTERNAL AFFAIRS)
C/O COLLINS
JOHN DOE #1
JOHN DOE #2
JOHN DOE #3
JOHN DOE #4
JOHN DOE #5

        DEFENDANT,

        <u>ORIGINAL   COMPLAINT</u>

NOW COMES PLAINTIFF, DEONTAE LATHAM, PRO SE', BUT
BY AND THROUGH "JAILHOUSE LAWYER" MARCELLUS A. FRENCH SR.
PLAINTIFF IS UNDER EDUCATED AND S.M.I (SERIOUSLY MENTAL-
LY ILL) AND CURRENTLY NOT IN THE STATE OF MIND TO

1.

PROPERLY AND ADEQUATELY PRESENT HIMSELF.

AT THIS MOMENT PLAINTIFF BRINGS 4 (FOUR) CONSTITUTIONAL CLAIMS OF THE VIOLATIONS DONE TO HIM BY THE DEFENDANTS LISTED IN THIS ACTION;

CLAIM #1: PLAINTIFF'S 8TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION WERE VIOLATED WHEN PLAIN- TIFF WAS ASSAULTED PHYSICALLY (PUNCHED, KICKED, GRABBED, ETC.) BY PRISON OFFICIALS, LEAVING HIM WITH MINOR BRUISES, SWELLING OF HIS FACE, AND HAIR RIPPED FROM HIS HEAD. AS THESE VIOLATIONS WERE DONE TO MALICIOUSLY AND SADISTICALLY CAUSE HARM, NOT TO MAINTAIN OR RESTORE DISCIPLINE.

CLAIM #2: PLAINTIFF'S 8TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION WERE VIOLATED WHEN PLAINTIFF WAS IMPOSED TO DISCIPLINARY SEGREGATION (EXCESSIVE SENTENCING AND TRUMPED CHARGES THAT ARE NOT IN COMPLIANCE WITH ADMINISTRATIVE DIRECTIVES IN D.R. 504") CREATING A LIBERTY INTEREST IN REMAINING FREE / AVOIDING DISCIPLINARY SEGREGATION AND/OR HAVING A FAIR AND IMPARTIAL HEAR-

2.

ING SUBSTANTIATING PLAINTIFF'S SITUATION WAS ADJUDICATED <u>LAWFULLY</u> AND <u>FACTUALLY</u>.

<u>CLAIM #3</u>: PLAINTIFF'S 8TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION WERE VIOLATED CONSID-ERING THE "TOTALITY OF THE CONDITIONS" THEORY WHILE PLAINTIFF WAS CONFINED IN SEGREGATION AND EASTHOUSE.

<u>CLAIM #4</u>: PLAINTIFF'S 1ST AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION WERE VIOLATED WHEN PRISON OFFICIALS PLACED PLAINTIFF THROUGH AN "<u>ADVERSE ACTION</u>" SIMPLY BECAUSE PLAINT-IFF **WAS** INDULGING IN A "<u>PROTECTED ACTION</u>". THIS <u>RETALIATION</u> IS AN INJUSTICE AND UNLAWFUL.

<u>STATEMENT OF CLAIMS AND FACTS</u>

1. CLAIM #1 WILL BE <u>ADDRESSED</u> LAST IN THIS COMPL-AINT, IN REGARDS TO CLAIM #2 PLAINTIFF RESIDED IN EAST HOUSE CELL # 601, ON APRIL 20TH, 2024 PLAINTIFF OBSERVED A LINE FLY PASS HIS CELL (A <u>LINE</u> IS RIPPED PIECES OF SHEET CONNECTED WITH A HEAVY OBJECT AT ONE END SO IT CAN

3.

BE THROWN UP AND DOWN THE GALLERY, A BAG OR SOMETHING THAT CAN CARRY THE ITEMS BEING TRADED OR TRAFFICKED) THE LINE WENT INTO WHAT IS KNOWN AS "THE FLAG" WHICH IS THE ENTRANCE OF EACH GALLERY WHERE OFFICERS AND TRUSTEES MOVE AROUND AT.

2. PLAINTIFF'S TICKET STATES THAT CAMERA FOOTAGE SHOWS AND PROVES THE LINE CAME FROM 605 CELL, PLAINTIFF ONLY PULLED THE LINE OUT OF "THE FLAG" SO IT WOULD NOT TRIP OR ENDANGER A OFFICER OR TRUSTEE, WHILE PLAINTIFF WAS ASSISTING IN THIS ENDEAVOR CORRECTIONAL OFFICER D. EGGERS #9292 ENTERED 6 GALLERY BEING PLAINTIFF WAS HOUSED IN 601 CELL, EGGERS OBSERVED PLAINTIFF WITH THE LINE IN HIS HAND, AT WHICH OFFICER EGGERS INTERCEPTED THE LINE.

3. PLAINTIFF WAS NOT IN POSSESSION OF THE PART OF "THE LINE" THAT HOLDS WHATEVER ITEMS ARE OR WERE BEING TRADED OR TRAFFICKED OFFICER EGGERS WITNESSED THIS AS CITED IN PLAINTIFF'S DISCIPLINARY TICKET. THE ENTIRE LINE WAS CONFISCATED IN WHICH DRUGS WERE

4.

ALLEGEDLY FOUND WITH A HANDWRITTEN NOTE.

4. PLAINTIFF WAS PLACED UNDER INVESTIGATION

THE DESCRIPTION OF THE DRUG,S THAT WERE FOUND IS A SQUARE PIECE OF CARD STOCK LIKE MATERIAL THAT MEASURED APPROXIMATELY 1/4" × 1/4" IT WAS FIELD TESTED BY THE INTERNAL AFFAIRS UNIT AND ALLEGEDLY YIELDED A PRELIMINARY POSITIVE RESULT FOR SYNTHETIC CANNABINOIDS, SEALED AND SENT TO THE ILLINOIS STATE POLICE CRIME LAB ON MAY 8TH, 2024. NO HANDWRITTING TEST WAS CONDUCTED; TO FURTHER SUBSTANTIATE WHO WAS ACTUALLY IN POSSESSION OF THE ALLEGED DRUGS.

5. ON THURSDAY JUNE 27, 2024 AT APPROXIMATELY 7:35 AM C/O R. GEARHART ISSUED PLAINTIFF A DISCIPLINARY REPORT IN REGARDS TO THE INCIDENT DISCUSSED ABOVE WHICH TOOK PLACE APRIL 20, 2024.

6. ON ABOUT THE 1ST WEEK OF JULY, 2024 PLAINTIFF ATTENDED THE ADJUSTMENT COMMITTEE HEARING IN WHICH THE COMMITTEE BOARD MEM-

5.

BERS CONSISTED OF SGT. ANTHONY JONES, SGT. JACKSON, LT. WALKER, LT. DYE.

7. PLAINTIFF INFORMED THE ADJUSTMENT COMM-ITTEE THAT HE WAS "NOT GUILTY" OF THE 203-DRUGS AND DRUG PARAPHERNALIA AND 308 – CONTRABAND OR UNAUTHORIZED PROPERTY SIMPLY BECAUSE HE WAS NOT AND NEVER WAS IN POSSESSION OF THE RECOVERED ITEMS (ALLEGED DRUGS) PLAINTIFF GAVE A DETAILED VERBAL STATEMENT AND OFFERED/REQUESTED A HAND-WRITTING SPECIALIST/EXPERT TO FURTHER PROVE AND SUBSTANTIATE HIS INNOCENCE.

8. THOUGH THE EVIDENCE THAT WAS USED TO WRITE THE TICKET (CAMERA FOOTAGE AND OFFICER WITNESS, SEE EXHIBIT 1) CLEARLY SHOWS PLAINTIFF NEVER WAS IN POSSESSION OF THE ALLEGED DRUGS/CONTRABAND, PLAINTIFF WAS STILL FOUND GUILTY. (SEE EXHIBIT 2 DISCIPLINARY SUMMARY).

6.

9. PLAINTIFF HAS SHOWN AND DEMONSTRATED IN THE FACE OF THE DISCIPLINARY ADJUSTMENT COMMITTEE (EXONERATING EVIDENCE) WHICH SHOWS AN ISSUE OF MATERIAL FACT IS GENUINELY IN CONTROVERSY. IN DETERMINING WHETHER STATE OFFICIALS HAVE DEPRIVED AN INMATE (SUCH AS PLAINTIFF) OF A PROCEDURALLY PROTECTED LIBERTY, THIS COURT TRADITIONALLY HAS LOOKED EITHER TO THE NATURE OF THE DEPRIVATION AND/OR TO THE STATE'S RULES GOVERNING THE IMPOSITION OF THAT DEPRIVATION.

10. PLAINTIFF WAS CLEARLY DEPRIVED OF HIS 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH ENTITLES HIM TO DUE PROCESS AND EQUAL PROTECTION. PLAINTIFF WAS ALSO CLEARLY DEPRIVED OF THE STATE'S RULES GOVERNING THE IMPOSITION OF (WHICH IS THE ILLINOIS DEPARTMENT RULES SECTION 504) (SEE EXHIBIT B D.R. 504's) SEGREGATION.

7.

11. DEFENDANT c/o R. GEARHART DEPRIVED PLAINTIFF PARTIALLY OF HIS LIBERTY AND PROPERTY BY PURPO- SELY WRITTING PLAINTIFF UP ON CHARGES THAT CLEARLY PLAINTIFF DID NOT VIOLATE. DENFENDANT GEARHART IS A GOVERNMENT OFFICIAL AND SHOULD HAVE BEEN AWARE OF THE DEFINITIONS THAT SUBSTANTIATE A SHOWING OF THE CHARGE, OR DEFENDANT GEARHART KNEW EXACTLY THAT HE WAS TRUMPING PLAINTIFFS CHARGES AND DID THE INJUSTICE PURPOSELY, WHETHER IT BE NEGLIGENCE OR INCOMPETENCE DEFENDANT GEARHART IS AT FAULT STANDING IN HIS OFFICIAL CAPACITY.

12. THE DEFENDANTS OF THE ADJUSTMENT COMM- ITTEE BOARD (SGT. ANTHONY JONES, SGT. JACKSON, LT. WALKER AND LT. DYE) DEPRIVED PLAINTIFF COMPLETELY OF THIS LIBERTY AND PROPERTY BY CONVICTING PLAINTIFF ON CHARGES THAT CLEARLY, FACTUALLY PLAINTIFF DID NOT VIOLATE. DEFENDANTS (THE ADJUSTMENT COMMITTEE MEMBERS) ARE ALL GOVERNMENT OFFICIALS AND SHOULD HAVE

8.

BEEN AWARE OF THE DEFINITIONS THAT SUBSTANTIATE A CONVICTION OF A DISCIPLINARY INFRACTION, OR THE DEFENDANTS NAMED ABOVE AND ALSO CALLED "ADJUSTMENT COMMITTEE MEMBERS" KNEW EXACTLY THAT THEY WERE CONVICTING PLAINTIFF WRONGFULLY/ UNLAWFUL AND DID THE INJUSTICE PURPOSELY, WHETHER IT BE NEGLIGENCE OR INCOMPETENCE THE "ADJUST-MENT COMMITTEE MEMBERS" (SGT. ANTHONY JONE SGT. JACKSON, LT. DYE, LT. WALKER) ARE ALL AT FAULT STANDING IN THEIR OFFICIAL CAPACITY

13. THE DEFENDANT (WARDEN) ANTHONY WILLS DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS LIBERTY AND PROPERTY BY ALLOWING PLAINTIFF'S CONVICTION WHEN PLAINTIFF GRIEVANCED THE INJUSTICE DEEM-ED THE GRIEVANCE AN EMERGENCY. (SEE EXHIBIT 2 GRIEVANCE RECIEPT SHOWING WARDEN WILLS RECIEVANCE OF SAID GRIEV-ANCE) PLAINTIFF FILED THIS GRIEVANCE ON JULY 9TH, 2024. JUST 14 DAYS AFTER

9.

THE SAID INCIDENT TOOK PLACE. DEFENDANT WARDEN WILLS COULD'VE AND SHOULD'VE PREVENTED FURTHER HARM AND INJUSTICE BUT PURPOSELY AND RECKLESSLY DIDNT. DEFENDANT ANTHONY WILLS (WARDEN) IS AND HAS SHOWN NEGLIGENCE AS HE (WARDEN) IS AWARE OF MULTIPLE CLAIMS OF DUE PROCESS VIOLATIONS CONCERNING HIS (WARDEN) APPOINTED "ADJUSTMENT COMMITTEE HEARING BOARD MEMBERS" (ALSO KNOWN AS ADJUSTMENT COMMITTEE MEMBERS)

14. SEE EXHIBIT 7 WHICH CONSIST OF A INDIVIDUAL IN CUSTODY WHO HAS FILED TWO CIVIL ACTIONS IN REGARDS TO IMPOSITIONS OF DISCIPLINARY SEGREGATION BY THE SAME "ADJUSTMENT COMMITTEE MEMBERS" AS PLAINTIFF HAS NAMED AS DEFENDANTS, THE COMPLAINTS ARE ALSO VERY SIMILAR, WHICH IS WHY WARDEN WILLS HAS SHOWN CLEAR NEGLIGENCE AND

10.

RECKLESSNESS. WHICH HAS LED TO AN UNDENABLE DELIBERATE INDIFFERENCE, AND WHETHER IT BE NEGLIGENCE OR INCOMPETENCE THE (WARDEN) ANTHONY WILLS IS COMPLETELY AT FAULT STANDING IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

15. NOT ONLY HAS THE PLAINTIFF SHOWN AND DEMONSTRATED CLEAR CONSTITUTIONAL VIOLATIONS, ALSO THE ADMINISTRATIVE CODE, PART 504, SECTIONS 504.40 — 504.90. WHICH CONSIST OF DETAILED INFORMATION REGARDING;

- INVESTIGATIVE STATUS AND TEMPORARY CONFINEMEN
- REVIEW OF DISCIPLINARY REPORTS
- ADJUSTMENT COMMITTEE HEARING PROCEDURES
- ADJUSTMENT COMMITTEE AND PROGRAM UNIT COMPOSITION
- NEW OR ADDITIONAL PROCEEDINGS

16. SEE EXHIBIT 8 (D.R. 504" ORIENTATION MANUEL) TO SUPPORT THE STATED ABOVE, THESE

11.

RULES AND REGULATIONS ARE THE SET STANDARD OF ALL STATE CORRECTIONAL CENTERS IN ILLINOIS. IN WHICH THE DEFENDANTS STATED WITHIN THIS CLAIM VIOLATED PLAINTIFF'S DUE PROCESS, **ABSO** THEY VIOLATED THEIR OWN "ADMINISTRATIVE DIRECTIVES". WHICH SUBSTANTIATES THEIR DISREGARD AND LACK OF CARE TO UP HOLD THEIR OATHS AS GOVERNMENT/STATE OFFICIALS

17. THIS IS A LIBERTY INTEREST BASED ON THE "MANDATORY LANGUAGE" OF A PARTICULAR REGULATION. (SEE EXHIBIT B ADMINISTRATIVE CODE PART 504) THE WORDS "SHALL" AND "MUST" ARE WORDS OF PROMISE AND ENTITLEMENT. ACCORDING TO THE ADMINISTRATIVE CODE SECTION 504.80. PARAGRAPHS A — Q IT IS THOROUGHLY DETAILED THAT OFFENDER(S) HAVE THE "RIGHTS" TO PRESENT A DEFENSE (LIKE REQUESTING CAMERA FOOTAGE THAT WILL EXONERATE) ALSO OFFENDER(S) SHALL BE INFORMED OF INFORMATION THAT WOULD TEND TO SHOW THAT OFFENDER(S), SUCH AS PLAINTIFF WAS NOT GUILTY!

12.

18. IT IS WITHOUT QUESTION THE DENIAL OF DUE PROCESS WITHIN PLAINTIFF'S ADJUSTMENT COMMITT-EE HEARING AMOUNTED TO A DEPRIVATION OF LIBERTY INDEPENDENT OF STATE LAW, THE PRISON'S OWN DISCIPLINARY RULES THOROUGHLY EXPRESS THE AUTHORITY OF PRISON OFFICIALS TO GRANT THE KIND OF DUE PROCESS AT ISSUE HERE.

19. PLAINTIFF'S CIRCUMSTANCES CLEARLY CREATES A LIBERTY INTERESTS WHICH IS PROTECTED BY THE DUE PROCESS CLAUSE (14TH AMENDMENT OF THE U.S. CONSTITUTION) SO PLAINTIFF WILL NOW FOCUS ON SHOWING THIS COURT HOW THIS VIOLATION IMPOSES ATYPICAL AND SIGNIFICANT HARDSHIP ON THE PLAINTIFF IN RELATION TO HIS ORDINARY INCIDENTS OF PRISON LIFE.

20. PLAINTIFF WAS GIVEN 6 MONTHS SEGREGATION WHERE AS OF THE DATE 10.27.2024, PLAINTIFF HAS HAD;

13.

- NO RECREATION/EXERCISE ACCESS AT ALL.

- ONLY PHONE ACCESS ONCE A MONTH.

- LESS THAN THE MANDATORY 3 SHOWERS A WEEK.

- LESS THAN THE MANDATORY SPECIFIED MENTAL HEALTH SETTLEMENT APPROVED IN THE CASE OF RASHO ET AL., VS. BALDWIN, ET AL. CASE No. 07-1298 IN USDC.

- NO COMMISSARY (FOOD PRODUCT PURCHASES)

- 

21.    THOUGH THE "EAST HOUSE" (A LIVING UNIT WITHIN MENARD) WHICH IS WHERE THE PLAINTIFF WAS HOUSED BEFORE BEING IMPOSED TO SEGREGATION, ALSO FAILS TO MEET THE STANDARD OF ADEQUATE LIVING CONDITIONS. BUT EVEN THE "EAST HOUSE" CONDITIONS ARE A JOKE COMPARED TO THE DANGERS OF THE LIVING "CONDITIONS OF CONFINEMENT" OF RESTRICTIVE HOUSING HERE IN MENARD C.C. UNIT NORTH TWO. PLAINTIFF SHALL FURTHER DISCUSS THE INHUMANE

14.

CONDITIONS OF CONFINEMENT IN THE NEXT CLAIM.

22. AS OF THIS FILING (1983 CIVIL PROCEDURE) PLAINTIFF HAS BEEN IN SEGREGATION ___MONTHS ALTHOUGH HE IS ACTUALLY AND FACTUALLY INNOCENT AND THE NAMED DEFENDANTS ARE VERY MUCH AWARE OF PLAINTIFF'S INNOCENCE DUE TO PLAINTIFF EXHAUSTING (TRYING TO DILIGENTLY EXHAUST HIS ISSUES) HIS COMPLAINT THROUGH MENARD C.C. INADEQUATE GRIEVANCE PROCESS/PROCEDURE. NO RESULTS HAVE COME, NO CHANGE IN CIRCUMSTANCES, AND THE CIRCUMSTANCES ARE DANGEROUS, LIFE ALTERING, AND HARMFUL, WHICH IS WHY PLAINTIFF RESPE- CTFULLY REQUEST THE RELIEF STATED BELOW;

1. IMMEDIATE TRANSFER TO ANOTHER FACILITY

2. IMMEDIATE RELEASE FROM SEGREGATION SINCE THE PROPER PROCEDURES REGARDING THE ADJUSTMENT COMMITTEE HEARING WERE NOT FOLLOWED AND TIME FRAME TO HAVE A TIMELY HEARING HAS LAPSED. (SEE EXHIBIT 8 PAGE 26 SECTION 504.80, PARAGRAPHS A AND D

15.

3. PLAINTIFF RECIEVE $215.00 (TWO HUNDRED AND FIFTHTEEN DOLLARS) EVERYDAY HE SPENDS IN SEGREGATION, DUE TO THE DENIAL OF DUE PROCESS, PLAINTIFF PRESENCE IN SEGREGATION IS AN IMPOSITION, AND IS CRUEL AND UNUSUAL PUNISHMENT AND UNLAWFUL WITHOUT QUESTION.

4. AN ORDER OF PROTECTION/RESTAINING ORDER BE PLACED ON THE INDIVIDUALS NAMED BELOW;

- LT. SANDY WALKER
- LT. DYE
- SGT. ANTHONY JONES
- SGT. JACKSON
- C/O R. GEARHART

23. THIS IS TO ENSURE PLAINTIFFS SAFETY UNTIL PLAINTIFF TRANSFERS, PLAINTIFF ALSO SWEARS UNDER THE PENALTY OF PERJURY THAT ALL FACTS, STATEMENTS AND CLAIMS ABOVE ARE MADE OF HIS OWN PERSONAL KNOWLEDGE AND ARE TRUE AND CORRECT.

DATE: 9·30·24   /s/ Deontae Latham

16.

24. IN REGARDS TO CLAIM # 3 PLAINTIFF RESIDED IN "RESTRICTIVE HOUSING" ALSO KNOWN AS NORTH TWO SEGREGATION UNIT, CELL # 132. PLAINTIFF WAS HOUSED HERE JUNE 27TH, 2024 AND AS OF THE FILING OF THIS CLAIM PLAINTIFF IS STILL HOUSED THERE. THE TOTALITY OF THE CONDITIONS OF PLAINTIFF'S CONFINEMENT IS INADEQUATE AND SUFFICIENTLY SHOWS AN 8TH AMENDMENT VIOLATION PLAINTIFF'S NEARLY 90 DAY STAY IN MENARD C.C. RESTRICTIVE HOUSING PLAINTIFF'S BASIC HUMAN NEEDS AND PHYSICAL WELL-BEING ARE BEYOND QUESTIONABLE.

25. THE RULES AND REGULATIONS SET FORTH IN THE "I.D.O.C" (ILLINOIS DEPARTMENT OF CORRECTIONS) ADMINISTRATIVE DIRECTIVE, IT STATES " THE PURPOSE OF THIS DIRECTIVE IS TO ESTABLISH WRITTEN PROCEDURES FOR STAFF TO GOVERN THE PLACEMENT, CONDITIONS OF CONFINEMENT, PROGRAMMING AND SUPERVISION OF INDIVIDUALS IN CUSTODY IN RESTRICTIVE HOUSING. (SEE EXHIBIT 9 )

17.

26. BASED ON THE MANDATORY LANGUAGE LIKE "SHALL" AND "MUST" WITHIN ILLINOIS DEPARTMENT OF CORRECTIONS ADMINISTRATIVE DIRECTIVES, AND DEPARTMENT RULES (D.R.'s) 504's. (SEE EXHIBIT 8 WHICH ARE THE D.R. 504's AND EXHIBIT 9 WHICH ARE THE ADMINISTRATIVE DIRECTIVES)

27. WITHIN EXHIBIT 8 PLAINTIFF CALLS THE COURT ATTENTION TO PAGES 33-35 TITLED "RESTRICTIVE HOUSING STANDARDS" SECTIONS 504.620- 504.670. CLEARLY PLAINTIFF HAS NOT RECIEVED WHAT WAS DEEMED MANDATORY TO RECIEVE. ALSO WITHIN EXHIBIT 9 PLAINTIFF CALLS THE COURT ATTENTION TO PAGES 8 of 20 - 12 of 20 TITLED "RESTRICTIVE HOUSING CONDITIONS OF CONFINEMENT STANDARDS" (PARAGRAPH J).

28. AGAIN, CLEARLY PLAINTIFF HAS NOT RECIEVED WHAT WAS DEEMED MANDATORY TO RECIEVE, AND PLAINTIFF SUBSTANTIATES THAT HERE;

18.

- PLAINTIFF GRIEVANCED HIS "TOTALITY OF CONDITIONS OF CONFINEMENT" (SEE EXHIBIT 3) AND (SEE EXHIBIT 5) NO CHANGE OR CONSIDERATION CAME ABOUT FROM PLAINTIFF'S GRIEVANCE WHICH HE EXHAUSTED COMPLETELY.

- PLAINTIFF HAS DILIGENTLY DOCUMENTED THE FACTS OF HIS LIVING CONDITIONS, AND PROVIDED AFFIDAVITS of OTHER INMATES HOUSED DIRECTLY AROUND PLAINTIFF STATING THEY ARE ENDURING THE SAME (THOUGH DIFFERENT DEGREES/LEVELS) CONDITIONS THAT PLAINTIFF PRESENTS VIOLATED HIS 8TH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION. (SEE EXHIBIT 4)

- PLAINTIFF WAS TIMELY WITH ALL OF HIS GRIEVANCES AND COMPLAINTS, WHICH INCLUDED AND ADDRESSED (BUT IS NOT LIMITED TO) PLAINTIFF ADDRESSING, NO EXERCISE BEING GIVEN (NO RECREATION WHAT-SO-EVER) INDOOR

19.

OR OUTDOOR. SHOWERS NOT BEING ISSUED THREE TIMES A WEEK. SANITATION AND CLEANING MATERIALS NOT BEING ISSUED WEEKLY OR AS NEEDED. CONSISTANT EXPOSURE TO HAZARDOUS SITUATIONS (FLOODS WITH FECES, URINE, WASTE AND SPOILED FOOD BREACHING PLAINTIFF CELL) THUS, LEAVING PLAINTIFF TO CLEAN UNSAFE SITUATIONS WITHOUT PROPER SANITATION MATE-RIAL AND PROPER PROTECTION (FACE MASK, GLOVES, OR BODY PROTECTION).

• PLAINTIFF HAS HAD URINE THROWN DIRECTLY ON HIM BY A INMATE HOUSED NEXT DOOR/CELL OF HIM, THIS INDIVIDUAL WAS CLEARLY (S.M.I) SERIOUSLY MENTALLY ILL AS THE INDIVIDUAL (HOUSED IN NORTH 2 CELL #131) BANGED ALL NIGHT, SCREAMED OBSCENE STATEMENT AT OFFICERS AND INMATES. ALSO THIS INDIVIDUAL'S CONDUCT WAS DANGEROUS TO OTHERS (LIKE PLAINTIFF) AND HIMSELF, AS HE CREATED/SET WILD FIRES IN A BUILDING WITH NO VENTILATION SYSTEM OR SPRINKLERS TO NULLIFY THE

20.

FIRE, WHICH MAKES EVERYDAY AROUND UN SUPPORT-
ABLE DUE TO IT BEING HARD TO BREATHE AND
SEE FROM SMOKE AND FIRE. (SEE EXHIBIT        )

• PLAINTIFF HAS RECIEVED NO MEDICAL TREATMENT/
CARE AFTER ENDURING EVERYTHING LISTED ABOVE
AND PLAINTIFF REQUESTED MEDICAL AFTER
EVERY INCIDENT BUT HAS BEEN DENIED AND
DEPRIVED.

29. EVERYTHING STATED ABOVE WAS GRIEVANCED
AND PROPERLY PRESERVED (SEE EXHIBIT 3 AND
EXHIBIT 5 ) AS EVERYTHING WAS ALSO THOROUG-
HLY DETAILED AND DOCUMENTED IN AFFIDAVITS
( SEE EXHIBIT 4 ).

30. PLAINTIFF, FURTHERMORE PROVIDES THIS
COURT WITH A "MANDAMUS" FILED BY MARCELLUS
A. FRENCH SR. WHICH CORROBORATES AND
SUPPORTS EVERYTHING PLAINTIFF ASSERTS. ( SEE
EXHIBIT 7) PLAINTIFF CALLS THIS COURT TO
PAGES 5 AND 6 OF EXHIBIT 7 WHERE THE
INADEQUATE GRIEVANCE PROCESS IS DISCUSSED.

21.

ALSO (SEE EXHIBIT 12 ) MULTIPLE AFFIDAVITS FROM INMATES HOUSED AROUND PLAINTIFF STATING THE MENARD C.C. GRIEVANCE PROCESS IS INADEQUATE.

31. SO ANY GRIEVANCE THAT IS NOT EXHAUSTED IS DUE TO THE INCOMPETENCE AND THE NEGLIGENCE OF MENARD C.C. GRIEVANCE OFFICERS AND ANYONE APPOINTED TO APPOINT THE GRIEVANCE OFFICE AND ITS OFFICERS. PLAINTIFF HAS PROVEN THE WARDEN HIMSELF (ANTHONY WILLS) AND SOMETIMES THE ACTING WARDEN (KEVIN REICHERT) WERE AWARE OF THESE ISSUES. AND AS THE SEVENTH CIRCUIT NOTED IN "GRAY V. HARDY" "AN INMATE'S GRIEVANCE SIGNED BY A WARDEN MAY BE SUFFICIENT EVIDENCE TO MAINTAIN A PLAUSIBLE DELIBERATE INDIFFERENCE CLAIM AGAINST A WARDEN CONCERNING THE CONDITIONS OF CONFINEMENT.

32. PLAINTIFF WAS CLEARLY DEPRIVED OF HIS 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH ENTITLES HIM PROTECTION FROM CRUEL

22.

AND UNUSUAL PUNISHMENT. PLAINTIFF WAS ALSO CLEARLY DEPRIVED OF THE STATE'S RULES GOVERNING THE CONDITIONS OF CONFINEMENT. WHICH IS THE ILLINOIS DEPARTMENT RULES SECTION 504, (SEE EXHIBIT 8 D.R.504's)

33. THE DEFENDANTS (WARDEN AND ACTING WARDEN) ANTHONY WILLS (WARDEN) AND KEVIN REICHERT (ACTING WARDEN) DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY ALLOWING PLAINTIFF TO ENDURE INHUMANE LIVING CONDITION WHEN PLAINTIFF GRIEVANCED THE DANGEROUS CONDITIONS DEEMED THE GRIEVANCE AN EMERGENCY. (SEE EXHIBIT 3 AND EXHIBIT 5 WHICH INCLUDE GRIEVANCE RECIEPTS SHOWING THE WARDEN AND OR ACTING WARDEN RECIEVANCE OF SAID GRIEVANCE ON "TOTALITY OF CONDITIONS OF CONFINEMENT".) PLAINTIFF FILED GRIEVANCE WITHIN EXHIBIT 3 08·05·24 AND GRIEVANCE WITHIN EXHIBIT 5 08·06·24.

23.

34. DEFENDANTS WARDEN WILLS AND OR ACTING WARDEN REICHERT COULD'VE AND SHOULD'VE PREVENTED PLAINTIFF FROM ENDURING THIS CRUEL AND UNUSUAL PUNISHMENT BUT PURPOSELY AND RECKLESSLY DIDNT. DEFENDANT ANTHONY WILLS (WARDEN) IS AND HAS SHOWN NEGLIGENCE AS HE (WARDEN) IS AWARE OF MULTIPLE CLAIMS OF "CONDITIONS OF CONFINEMENT" VIOLATIONS REGARDING "RESTRICTIVE HOUSING" WITHIN MENARD C.C. (SEE FRENCH V. WILLS ET AL CASE No. 3:23-CV-02948-DWD, SPECIFICALLY CLAIM 3)

35. WITHIN THE FRENCH V. WILLS CASE STATED ABOVE WHICH CONSISTED OF INDIVIDUAL IN CUSTODY WHO HAS FILED TWO CIVIL ACTIONS IN REGARDS TO "CONDITIONS OF CONFINEMENT" ON THE SAME HOUSING UNIT WITHIN MENARD C.C., AFTER REVIEW- ING FRENCH'S COMPLAINT, PLAINTIFF RESPECTFUL- LY REQUEST THE COURT TO LOOK INTO THE SIMILARITIES OF THE COMPLAINTS WHICH CAN BE AND WILL BE SUBSTANTIATED THROUGH CAMERA FOOTAGE AND OATH/AFFIRMATION. WHICH

24.

IS WHY WARDEN WILL HAS SHOWN CLEAR NEGLIGENCE AND RECKLESSNESS. WHICH HAS LED TO AN UNDENABLE DELIBERATE INDIFFERENCE, AND WHETHER IT BE NEGLIGENCE OR INCOMPETENCE THE (WARDEN) ANTHONY WILL IS COMPLETELY AT FAULT STANDING IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

36. NOT ONLY HAS THE PLAINTIFF SHOWN AND DEMONSTRATED A CLEAR CONSTITUTIONAL VIOLATIONS, ALSO VIOLATIONS OF THE ADMINISTRATIVE CODE, PART 504, SECTIONS 504.620 PARAGRAPHS A — T. WHICH CONSIST OF DETAILED INFORMATION REGARDING SEGREGATION STANDARDS;

• MINIMAL MATERIAL EACH CELL SHALL BE FURNISHED WITH (PARAGRAPH B)

• EACH CELL SHALL BE MAINTAINED IN A SANITARY CONDITION AND CLEANING MATERIALS SHALL BE MADE AVAILABLE ON A REGULAR BASIS. (PARAGRAPH F)

• PERSONAL HEALTH AND HYGIENE NEEDS OF THE OFFENDER SHALL BE PERMITTED AS FOLLOWS; (PARAGRAPH G)

25.

- OFFENDERS IN SEGREGATION STATUS SHALL BE PERMITTED PERSONAL PROPERTY AS APPROVED BY THE CHIEF ADMINISTRATIVE OFFICER. (PARAGRAPH H)

- MEDICAL PERSONNEL SHALL VISIT THE SEGREGATION UNIT DAILY TO SCREEN REQUESTS FOR MEDICAL ATTENTION, AND A PHYSICIAN SHALL VISIT THE UNIT ON A WEEKLY BASIS. (PARAGRAPH L)

- MENTAL HEALTH PROFESSIONAL SHALL CONDUCT MENTAL HEALTH ROUNDS IN THE SEGREGATION UNIT, AT MINIMUM, ONCE EVERY SEVEN CALENDAR DAYS. (PARAGRAPH M)

- OFFENDERS SHALL BE AFFORDED THE OPPORTUNITY FOR EXERCISE OUTSIDE THEIR CELLS IN ACCORDANCE WITH SECTION 504.670. (PARAGRAPH Q)

37. SEE EXHIBIT B (D.R.504" ORIENTATION MANUEL) TO SUPPORT AND HAVE A DETAILED UNDERSTANDING OF THE STATED ABOVE, THESE RULES AND REGULATIONS ARE THE SET STANDARD OF ALL STATE CORRECTIONAL CENTERS IN ILLINOIS. IN WHICH THE DEFENDANTS STATED

26.

WITHIN THIS CLAIM VIOLATED PLAINTIFF'S RIGHTS TO PROTECTION FROM CRUEL AND UNUSUAL PUNISH-MENT. AGAIN, ALSO THEY VIOLATED THEIR OWN "ADMINISTRATIVE DIRECTIVES". WHICH SUBSTANTIA-TES THEIR (MENARD ADMINISTRATION AND STAFF) DISREGARD AND LACK OF CARE TO UP HOLD THEIR OATHS AS GOVERNMENT/STATE OFFICIAL

38. THIS "TOTALITY OF THE CONDITIONS OF CONFINEMENT" CLAIM IS BASED AND SUBSTANTI-ATED ON THE "MANDATORY LANGUAGE" OF A PARTICULAR REGULATION. (SEE EXHIBIT B ADMINISTRATIVE CODE PART 504) THE WORDS "SHALL" AND "MUST" ARE WORDS OF PROMISE AND ENTITLEMENT. THE VERY FACT PLAINTIFF WAS DEPRIVED OF MULTIPLE ENTITLEMENTS CLEARLY AND OBVIOUSLY WITHOUT LEGITIMATE REASONING.

39. IT IS WITHOUT QUESTION THIS IS A DENI-AL OF DUE PROCESS AND PLAINTIFF'S 8TH AMEND-MENT RIGHT TO PROTECTION OF/FROM CRUEL

27.

AND UNUSUAL PUNISHMENT. THE PRISON'S OWN "SEGREGATION STANDARD" REGULATIONS THOROUGHLY EXPRESS THE SERIOUSNESS BY IMPLIMENTING MANDATORY STANDARDS FOR PRISON OFFICIALS TO PROVIDE INDIVIDUALS IN CUSTODY (LIKE PLAINTIFF) WHILE HOUSED IN "RESTRICTIVE HOUSING". (SEE EXHIBIT 8 AND EXHIBIT 9)

40. NOW THAT PLAINTIFF HAS SUBSTANTIATED HIS UNITED STATES CONSTITUTIONAL RIGHTS AND STATE OF ILLINOIS CONSTITUTIONAL RIGHTS WERE VIOLATED. PLAINTIFF WILL FOCUS ON SHOWING THIS COURT HOW THIS VIOLATION IMPOSES ATYPICAL AND SIGNIFICANT HARDSHIP ON THE PLAINTIFF IN RELATION TO HIS ORDINARY INCIDENTS OF PRISON LIFE.

41. PLAINTIFF WAS GIVEN 6 MONTHS SEGREGATION WHERE AS OF THE DATE 10-27-2024, PLAINTIFF HAS ALREADY ENDURED;

28.

- NO RECREATION/EXERCISE INDOOR OR OUTDOOR ACCESS AT ALL.

- LESS THAN THE MANDATORY 3 SHOWERS A WEEK

- LIVING IN FILTH, WASTE, FECES AND URINE INFESTED CONDITIONS. (CELLS, GALLERIES, SHOWERS)

- LESS THAN THE MANDATORY AND NECESSARY MENTAL HEALTH ASSISTANCE AND TREATMENT APPROVED IN "RASHO ET, AL VS BALDWIN, ET AL CASE NO. 07-1298 IN USDC.

- DISTURBING ENCOUNTERS WITH VERY MENTALLY ILL PATIENTS/INDIVIDUALS IN CUSTODY, WHERE PLAINTIFF WAS ATTACKED/ASSAULTED WITH URINE BY A "SERIOUSLY MENTALLY ILL" (S.M.I) PATIENT.

42. THOUGH "RESTRICTIVE HOUSING UNITS" ARE KNOWN TO BE MORE AGGRESSIVE UNITS THAN "GENERAL POPULATION (G.P)". BUT NEVER HAS THIS COURT ALLOWED INMATES TO LOSE THEIR COMPLETE RIGHT TO EXERCISE. NEVER HAS THIS COURT

29.

DEEMED THAT THE LIVING CONDITIONS PLAINTIFF HAS <u>SHOWN</u> He ENDURED ARE SUFFICIENT LIVING CONDITIONS.

- LACK OF SHOWERS
- LACK OF PROGRAMMING.
- LACK OF CORRESPONDENCE W/ FAMILY AND LOVE ONES.
- LACK OF MEDICAL CARE AND TREATMENT
- LACK OF SANITARY LIVING CONDITION (SHOWERS, CELLS, GALLERY, ETC.)
- LACK OF SANITATION PRODUCTS PROVIDED ESPECIALLY IN <u>EMERGENCY</u> SITUATIONS (FLOODS, FOOD SPILLS, EXPOSURE TO BLOOD, FECES, URINE, ETC.)
- 2ND HAND SMOKE CONSUMPTION OF A HAZARDOUS SUBSTANCE
- (SEE <u>EXHIBIT 4</u> AFFIDAVITS FROM INMATES)

43. AS OF THE FILING OF THIS 1983 CIVIL PROCEDURE PLAINTIFF HAS BEEN IN SEGREGAT-ION ___<u>MONTHS</u>, PLAINTIFF HAS/IS EXHAUST-ING HIS ADMINISTRATIVE REMEDIES. THE

30.

CHIEF ADMINISTRATIVE OFFICER/WARDEN AND/OR THE ACTING C.A.O/WARDEN WAS PLACED ON NOTICE OF PLAINTIFF'S NUMEROUS COMPLAINTS THROUGH GRIEVANCES MARKED "EMERGENCY". IN WHICH THE WARDEN/ACTING WARDEN DEEMED PLAINTIFF GRIEVANCES A NON-EMERGENCY AND SIGNED OFF ON HIS DECISION.

44. MENARD C.C. HAS A STAGNATE AND INADEQUATE GRIEVANCE PROCESS/PROCEDURE. NO RESULTS HAVE COME AFTER A CLEAR SHOWING OF MULTIPLE VIOLATIONS OF PLAINTIFF'S RIGHTS. NO CHANGE IN CIRCUMSTANCES, AND THE CIRCUMSTANCES ARE VERY, EXTREMELY DANGEROUS, LIFE ALTERING, AND HARMFUL. WHICH IS WHY PLAINTIFF RESPECTFULLY REQUEST THE RELIEF STATED BELOW;

1. IMMEDIATE TRANSFER TO ANOTHER FACILITY
2. IMMEDIATE RELEASE FROM SEGREGATION SINCE PLAINTIFF HAS ENDURED "INHUMANE"

31.

LIVING CONDITIONS FOR HALF OF HIS SEGREGAT-
ION SENTENCE.

3. PLAINTIFF RECIEVE $75.00 (SEVENTY-FIVE
DOLLARS) EVERYDAY HE SPENDS IN SEGREGAT-
ION UNDER THE INHUMANE "TOTALITY OF
CONDITIONS OF CONFINEMENT" WHICH AMOUNTS
TO CRUEL AND UNUSUAL PUNISHMENT.

45. PLAINTIFF SWEARS UNDER THE PENALTY
OF PERJURY THAT ALL FACTS, STATEMENTS
AND CLAIMS ABOVE ARE MADE OF HIS OWN
PERSONAL KNOWLEDGE AND ARE TRUE AND
CORRECT!

DATE: 9.30.24 /s/ Deontae Lathen

32.

46. IN REGARDS TO CLAIM # 1 PLAINTIFF WAS SUBJECTED TO PHYSICAL BRUTALITY (EXCESSIVE FORCE) BY PRISON GUARDS. WHENEVER A PRISON OFFICIAL IS RESPONSIBLE FOR UNNECESSARY AND WANTON INFLICTION OF PAIN, THE 8TH AMENDMENT HAS BE VIOLATED. THE "EXCESSIVE FORCE" PLAINTIFF ENDURED BY C/O COLLINS AND JOHN DOE 1-5 CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT. THE NAMED DEFENDANTS CANNOT SAY THAT THEIR EXCESSIVE FORCE WAS IN EFFORT TO MAINTAIN OR RESTORE DISCIPLINE BECAUSE PLAINTIFF WAS ALREADY IN RESTRAINTS. SO CLEARLY THE EXCESSIVE FORCE WAS USED TO MALICIOUSLY AND SADISTICALLY CAUSE HARM. PLAINTIFF FURTHER SUBSTANTIATES THE STATED ABOVE, BELOW;

NOTE: WANTON - "MEANS HATEFUL, CRUEL, OR UNCALLED FOR

47. ON SEPTEMBER 28, 2023 PLAINTIFF WAS ACCUSED OF SEXUAL MISCONDUCT. (SEE EXHIBIT 15 DISCIPLINARY REPORT) PLAINTIFF WAS ORDERED AT APPROXIMATELY 3:25 A.M. TO "CUFF UP" (PLACE RESTRAINTS ON) WHICH PLAINTIFF COMPLIED IMMEDIATELY. WHILE BEING "CUFFED UP" PLAINTIFF ASKED THE CUFFING OFFICER WHY HE WAS BEING "CUFFED UP", IN WHICH C/O EDWARDS (CUFFING OFFICER) STATED "FOR HAVING YOUR PENIS

33.

OUT IN FRONT OF THE NURSE

48. PLAINTIFF DENIED DOING SUCH A THING, CALLED UPSTAIRS TO INMATE MARCELLUS FRENCH #N2108L WHO WAS HOUSED DIRECTLY ABOVE PLAINTIFF IN EASTHOUSE CELL #718 (A WELL KNOWN JAILHOUSE LAWYER) AND STATED "THEY ACCUSING ME OF SOMETHING I DIDNT DO AND I GUESS THEY WALKING ME TO SEG". (SEE EXHIBIT 16).

49. PLAINTIFF WAS ESCORTED TO SEGREGATION "NORTH TWO RESTRICTIVE HOUSING" WHERE SIX OFFICERS WERE WAITING TO RECIEVE PLAINTIFF. (THESE ARE THE SIX DEFENDANTS NAMED IN THIS ACTION, C/O COLLINS AND C/O'S JOHN DOES 1-5).

50. ONCE PLAINTIFF WAS IN THE PRESENCE AND CUSTODY OF THE LISTED DEFENDANTS, JOHN DOE #1 STATED TO PLAINTIFF "MOTHERFUCKER YOU CHOSE THE WRONG NIGHT TO PULL YOUR FUCKING DICK OUT ON MY NURSE, WE ABOUT TO KICK YOUR ASS TONIGHT". (SEE EXHIBIT 13)

51. JOHN DOE #2 STATED "IM GOING TO MAKE SURE NO ONE COME THROUGH THE DOOR" AND THATS WHEN JOHN DOE #2 STOOD ON SECURITY WATCHING THE HEALTH CARE ENTRANCE AND STATED "WE GOING TO HAVE SOME FUN WITH HIM TONIGHT". ALL THE DEFENDANTS STARTED LAUGHING. (SEE EXHIBIT 13)

34.

52. JOHN DOE #3 AND C/O COLLINS CAME TO THE CAGE WHERE JOHN DOE #1 CUFFED PLAINTIFF TO THE CAGE BEHIND HIS BACK (LEAVING PLAINTIFF DEFENSELESS AND UNABLE TO MOVE) JOHN DOE #3 STATED "THIS GONE BE YOUR LAST TIME PULLING YOUR DICK OUT YOU GONE REMEMBER THIS ASS WHOOPING".

53. PLAINTIFF YELLED FOR "HELP", C/O COLLINS THEN SAID "CANT NOBODY HELP YOU NIGGER OR HEAR YOU CAUSE WE GOT THE DOOR CLOSED".

54. C/O COLLINS AND JOHN DOE #3 CAME INTO THE CAGE, C/O COLLINS STRUCK PLAINTIFF FIRST IN HIS FACE TWO TIMES (SPECIFICALLY RIGHT EYE). PLAINTIFF ATTEMPTED TO DUCK/TUCK HIS HEAD DOWN TO HIDE FROM THE STRIKES.

55. JOHN DOE #3 GRABBED PLAINTIFF'S HAIR AND PULLED PLAINTIFF'S HAIR DOWN TO EXPOSE PLAINTIFF'S FACE WHILE KICKING PLAINTIFF IN HIS LEGS CAUSING PLAINTIFF TO BEND OVER AND FALL TO THE FLOOR (ON HIS KNEES) ARMS STRETCHED BEHIND HIM DUE TO BEING CUFFED.

56. PLAINTIFF WAS YELLING FOR HELP AND EVEN APPOLOGIZING FOR WHAT HE DIDNT EVEN DO, THATS WHEN HE (PLAINTIFF) SAW JOHN DOE #4 AND #5 ENTER THE CAGE AND APPROACH ME. I CLOSED EYES AND PRAYED TO GOD THAT THE DEFENDANTS

35.

DIDN'T KILL HER.

57. IMMEDIATELY I FELT MULTIPLE STRIKES TO THE BACK OF MY HEAD, MY BACK AND LEGS. PLAINTIFF SCREAMED OUT IN PAIN FROM THE PUNCHES AND KICKS PLAINTIFF STATES " THE PAIN WAS SO INTENSE I JUST PASSED OUT". (SEE EXHIBIT 13)

58. PLAINTIFF GAINED CONSCIOUSNESS BY FEELING A COLD WET SUBSTANCE SMACK HIM IN THE FACE. ( PLAINTIFF ASSUMES IT WAS WATER SINCE IT WAS CLEAR AND NO SMELL WAS ATTACHED). JOHN DOE #4 HELD A CUP IN HIS HAND UPSIDE DOWN, WHILE ALL DEFENDANTS ( c/o COLLINS AND JOHN DOE #'S 1-5 ) LAUGHED.

59. JOHN DOE #1 STATED "LETS GET HIM IN A CELL" THEY UNCUFFED ME FROM THE CAGE, RECUFFED ME BEHIND MY BACK. EACH DEFENDANT GRABBED A LIMB OF MY BODY AND CARRIED PLAINTIFF FROM THE HEALTH CARE UNIT, DOWN A FLIGHT OF STAIRS TO (4) FOUR GALLERY CELL 20. (SEE AFFIDAVIT OF VIDAL: RAINEY #M01626 MARKED EXHIBIT 10 ) ( ALSO SEE CAMERA FOOTAGE WITHIN UNIT)

60. PLAINTIFF THROWN ON THE FLOOR OF CELL #420, THE STEEL DOOR SLAMMED SHUT. PLAINTIFF WAS GIVEN A DIRECTIVE TO COME TO THE DOOR SO THE RESTRAINTS ON PLAINTIFF CAN BE REMOVED, PLAINTIFF COMPLIED.

36.

61. PLAINTIFF STATED HE NEEDED MEDICAL ATTENTION, BUT WAS DENIED MEDICAL TREATMENT. PLAINTIFF CANNOT STATE CERTAIN DATES AND TIMES DUE TO MENARD C.C. STAFF EITHER WITHHOLDING PLAINTIFF'S PROPERTY OR MISHANDLING PLAINTIFF'S PROPERTY. (SEE EXHIBIT 17 WHICH IS A GRIEVANCE REGARDING PLAINTIFF'S PROPERTY) AND (SEE EXHIBIT 19 AFFIDAVIT OF PLAINTIFF REGARDING THE ITEMS WITHIN HIS PROPERTY

62. PLAINTIFF REMAIN IN CELL A FEW DAYS UNTIL HE WAS SUMMONED BY THE ADJUSTMENT COMMITTEE FOR THE "SEXUAL MISCONDUCT" TICKET/INCIDENT THAT LED THE DEFENDANTS TO MALICIOUSLY USE EXCESSIVE FORCE AGAINST PLAINTIFF.

63. IN WHICH PLAINTIFF SUBSTANTIATED HIS INNOCENCE BY REQUESTING CAMERA FOOTAGE FROM THE EASTHOUSE CAMERA DIRECTLY IN FRONT OF PLAINTIFF'S THEN CELL #517. PLAINTIFF WAS RELEASED FROM SEGREGATION FOUR DAYS AFTER HIS ADJUSTMENT COMMITTEE HEARING AND THE CHARGES WERE EXPUNGED. (SEE EXHIBIT 15)

64. UPON PLAINTIFF'S RELEASE FROM SEGREGATION ON _____ PLAINTIFF WAS REQUIRED TO TAKE A NEW "MUG SHOT" PICTURE WHICH CAPTURED PLAINTIFF'S STILL SWOLLEN AND RED RIGHT EYE. ALSO PLAINTIFF ATTENDED PHYSICAL THERAPY FOR 8 WEEKS

37.

(OCTOBER AND NOVEMBER) FOR THE PHYSICAL BEATING HE ENDURED (TO HIS BODY) BY DEFENDANTS (C/O COLLINS AND JOHN DOE'S 1-5) SEE EXHIBIT 13.

65. EVERYTHING STATED ABOVE WAS GRIEVANCED AND PROPERLY PRESERVED, BUT MENARD C.C. STAFF HAS EITHER MISPLACED, MISHANDLED OR **PURPOSELY** DEPRIVED PLAINTIFF OF HIS PROPERTY WHICH CONTAINS ALL OF THE DOCUMENTATION (GRIEVANCES, AFFIDAVITS, REQUESTS, RECEIPTS, ETC.) PLAINTIFF ACCUMULATED TO SUBSTANTIATE THE VIOLATION AND INJUSTICE HE ENDURED, WHICH PLAINTIFF GRIEVANCED. (SEE EXHIBIT 17 GRIEVANCE # K4-0924-4564)

66. PLAINTIFF HAS REQUESTED COPIES OF SAID GRIEVANCES AND REQUEST PLAINTIFF FILED REGARDING THIS EXCESSIVE FORCE CLAIM AND MEDICAL DUE TO THE INJURIES PLAINTIFF SUFFERED DURING THE EXCESSIVE FORCE. BUT THE RECORDS OFFICE, GRIEVANCE OFFICERS, AND COUNSELORS HAVE FAILED TO PROVIDE PLAINTIFF WITH THE NECESSARY DOCUMENTATION.

67. FURTHERMORE, PLAINTIFF PROVIDES THIS COURT WITH A "MANDAMUS" FILED BY MARCELLUS A. FRENCH SR. WHICH CORROBORATES AND SUPPORTS EVERYTHING PLAINTIFF ASSERTS ABOVE. PLAINTIFF CALLS THIS COURT TO PAGES 5 AND 6 OF EXHIBIT 7 WHERE

38.

THE INADEQUATE GRIEVANCE AND REQUEST PROCESS IS DISCUSSED. ALSO (SEE EXHIBIT 12) AFFIDAVITS FROM INMATES HOUSED AROUND PLAINTIFF STATING THE MENARD C.C. GRIEVANCE PROCESS IS INADEQUATE.

68. SO ANY GRIEVANCE THAT IS NOT EXHAUSTED IS DUE TO THE INCOMPETENCE AND THE NEGLIGENCE OF MENARD C.C. GRIEVANCE OFFICERS AND ANYONE APPOINTED TO APPOINT THE GRIEVANCE OFFICE AND IT OFFICERS. AND SINCE PLAINTIFF'S PROPERTY WAS MISHANDLED, MISPLACED AND/OR DEPRIVED OF HIM, HE SHOULD NOT BE HELD ACCOUNTABLE FOR NOT HAVING PROPER DOCUMENTATION.

69. PLAINTIFF HAS PROVEN THE WARDEN HIMSELF (ANTHONY WILLS) AND SOMETIMES THE ACTING WARDEN (KEVIN REICHERT) HAVE SIGNED OFF ON PLAINTIFF'S GRIEVANCES REGARDING THE MISPLACEMENT OF HIS PROPERTY (SEE EXHIBIT 17) AND GRIEVANCES REGARDING THE EXCESSIVE FORCE HE ENDURED (SEE EXHIBIT 10)

70. AND AS THE SEVENTH CIRCUIT NOTED IN "GRAY V. HARDY" — "AN INMATE'S GRIEVANCE SIGNED BY A WARDEN MAY BE SUFFICIENT EVIDENCE TO MAINTAIN A PLAUSIBLE DELIBERATE INDIFFERENCE CLAIM AGAINST A WARDEN CONCERNING THE CONDITIONS OF

39.

71. PLAINTIFF WAS CLEARLY DEPRIVED OF HIS 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH ENTITLES HIM PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT. PLAINTIFF WAS ALSO CLEARLY DEPRIVED OF THE STATE'S RULES GOVERNING THE USE OF EXCESSIVE FORCE, WHICH IS DEFINED AS "ANY PHYSICAL CONTACT BY A GUARD THAT IS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER". (CITED FROM THE JAILHOUSE LAWYER HANDBOOK CHAPTER THREE)

72. PLAINTIFF COMPARES HIS SITUATION/VIOLATION TO PLAINTIFF IN BROWN V. LIPPARD, 472 F.2d 384 (5TH CIR. 2006).

73. DEFENDANT COLLINS DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY USING EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER. C/O COLLINS STATED MULTIPLE RACIAL AND DEROGATORY STATEMENTS TO PLAINTIFF AND PUNCHED PLAINTIFF IN HIS FACE MULTIPLE TIMES WHILE HE WAS RESTRAINED (HANDCUFFED TO A CAGE HANDS BEHIND HIM) SEE EXHIBIT 13, CLEARLY C/O COLLINS ACTIONS WERE UNETHICAL, UNPROFESSIONAL, AND

40.

MALICIOUSLY UNCONSTITUTIONAL.

74. DEFENDANT JOHN DOE #1 DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY USING EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER. JOHN DOE #1 STATED MULTIPLE RACIAL AND DEROGATORY THREATS TO PLAINTIFF AND **PUSHED** PLAINTIFF WHILE HE WAS RESTRAINED (HANDCUFFED TO THE BACK) ALSO ASSISTING IN ASSAULTING PLAINTIFF WHILE RESTRAINED. SEE EXHIBIT 13, CLEARLY JOHN DOE #1 ACTIONS WERE UNETHICAL, UNPROFESSIONAL, AND MALICIOUSLY UNCONSTITUTIONAL.

75. DEFENDANT JOHN DOE #2 DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY BEING AN ACCESSORY TO THE EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER. JOHN DOE #2 STATED MULTIPLE MALICIOUS STATEMENTS TO PLAINTIFF AND OFFERED TO BE THE "LOOKOUT" WHILE THE OTHER DEFENDANTS PHYSICALLY ASSAULTED PLAINTIFF WHILE RESTRAINED (HANDCUFFED

41.

TO THE BACK) SEE EXHIBIT 13, CLEARLY JOHN DOE #2 ACTIONS WERE UNETHICAL, UNPROFESSIONAL AND MALICIOUSLY UNCONSTITUTIONAL.

76. DEFENDANT JOHN DOE #3 DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY USING EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER. JOHN DOE #3 STATED MULTIPLE RACIAL AND DEROGATORY STATEMENTS TO PLAINTIFF AND PULLED/SNATCHED PLAINTIFF'S HAIR OUT HIS HEAD WHILE KICKING PLAINTIFF MULTIPLE TIMES WHILE HE WAS RESTRAINED (HANDCUFFED TO A CAGE HANDS BEHIND HIM) SEE EXHIBIT 13, CLEARLY JOHN DOE #3 ACTIONS WERE UNETHICAL, UNPROFESSIONAL, AND MALICIOUSLY UNCONSTITUTIONAL.

77. DEFENDANT JOHN DOE #4 DEPRIVED PLAINTIFF COMPLETELY AND RECKLESSLY OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY USING EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS MEANT TO CAUSE HARM, RATHER THAN KEEP ORDER. JOHN DOE #4 ASSISTED IN THE EXCESSIVE FORCE BY INDULGING/PARTICIPATING

42.

IN THE ASSAULT ON PLAINTIFF INSTEAD OF PREVEN-TING OR REPORTING IT. SEE EXHIBIT 13, DUE TO PLAINTIFF BEING RESTRAINED/HANDCUFFED BEHIND HIS BACK TO A CAGE, CLEARLY JOHN DOE #4 ACTIONS WERE <u>UNETHICAL</u>, <u>UNPROFESSIONAL</u>, AND MALICIO-USLY <u>UNCONSTITUTIONAL</u>.

78.  DEFENDANT JOHN DOE #5 DEPRIVED PLAINTIFF <u>COMPLETELY</u> AND <u>RECKLESSLY</u> OF HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT BY USING EXCESSIVE FORCE TOWARDS PLAINTIFF THAT WAS <u>MEANT</u> TO CAUSE HARM, RATHER THAN KEEP ORDER. JOHN DOE #5 ASSISTED IN THE EXCESSIVE FORCE BY INDULGING/PARTICIPAT-ING IN THE ASSAULT ON PLAINTIFF INSTEAD OF PREVENTING OR REPORTING IT. SEE EXHIBIT 13, DUE TO PLAINTIFF BEING RESTRAINED/HANDCUFFED BEH-IND HIS BACK TO A CAGE, CLEARLY JOHN DOE #5 ACTIONS WERE <u>UNETHICAL</u>, <u>UNPROFESSIONAL</u>, AND MALICIOUSLY <u>UNCONSTITUTIONAL</u>.

79.  IN CONCLUSION. PLAINTIFF PRAYS THIS COURT ACKNOWLEDGES AND DEEMS THE CLAIMS ADDRESSED HERE ARE CLEARLY VIOLATIONS OF PLAINTIFF'S 8TH AMENDMENT RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT SUCH AS EXCESSIVE FORCE, PLAINTIFF ATTACHES HIS REQUESTED RELIEF

43.

BELOW;

1. A PERMANENT RESTRAINING ORDER AGAINST ALL DEFENDANTS.

2. COMPENSATORY DAMAGES IN THE AMOUNT OF $42,000.00 AGAINST EACH DEFENDANT JOINTLY (IN THEIR OFFICIAL CAPACITY) AND SEVERALLY (IN THEIR INDIVIDUAL CAPACITY).

3. PUNITIVE DAMAGES IN THE AMOUNT OF $10,000.00 AGAINST EACH DEFENDANT IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY.

4. RE-IMBURSE PLAINTIFF FOR THE COST OF THIS SUIT AND PREPERATION OF SUIT.

5. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

DATE: 9.30.24         /s/ Deontae Lattiau

44.

80. IN REGARDS TO CLAIM #4 DURING THE PLAINTIFF'S MULTIPLE CONSTITUTIONAL VIOLATIONS OF HIS RIGHTS, ALL THESE VIOLATIONS, UNETHICAL AND UNPROFESSIONAL ACTIONS ARE BECAUSE PLAINTIFF IS SEEKING REDRESS BY GRIEVANCING, COMPLAINING OF THE CLEAR RETALIATION AND VIOLATIONS OF PLAINTIFF'S RIGHTS.

81. AFTER PLAINTIFF WAS ACQUITED OF THE ALLEGATIONS MADE UPON HIM SEPTEMBER 24TH 2023, (SEE EXHIBIT 15) AND PLAINTIFF WAS ASSAULTED BY THE DEFENDANTS NAMED IN CLAIM #1 AND DECIDED TO GRIEVANCE THE CLEAR VIOLATIONS OF HIS RIGHTS AND SEEK REDRESS.

82. WARDEN "ANTHONY WILLS" STAFF HAS SHOWN AND PHYSICALLY DISPLAYED OPEN BIAS CONDUCT TOWARD PLAINTIFF AFTER ENDURING A BRUTAL ASSAULT FOR A SITUATION PLAINTIFF DID NOT INDULGE IN.

83. AFTER GRIEVING THIS BRUTALITY (SEE EXHIBIT 5) PLAINTIFF WAS AGAIN FALSELY/WRONGFULLY CHARGED AND CONVICTED OF POSSESSION OF DRUG IN WHICH PLAINTIFF HAS PROVIDED EXONERATING

45.

EVIDENCE PROVING AND SUBSTANTIATING HIS INNOCENCE. (SEE CLAIM TWO AND CITED EXHIBITS)

84. WHILE PLACED IN SEGREGATION 06.27.2024 FOR THE REASONS DISCUSSED IN CLAIM #2 of PLAINTIFF'S SAID SUIT. PLAINTIFF HAS BEEN COMPLETELY DENIED ACCESS TO PROPERTY, EVEN SEGREGATION APPROVED ITEMS (LEGAL MAIL, REGULAR MAIL FOR ADDRESSES, BOOKS, MAGAZINES, AND ALL HYGIENE PRODUCTS.) SEE EXHIBIT 17

85. PLAINTIFF GRIEVANCED THIS IMPROPER TREATMENT 09.13.2024 (WHICH MEANS PLAINTIFF WAS WITHIN RESTRICTIVE HOUSING APPROXIMATELY 75 DAYS WITH NONE OF HIS PERSONAL BELONGINGS. SEE EXHIBITS 17 AND 14.

86. AS OF THE FILING OF THIS SAID ACTION PLAINTIFF HAS STILL NOT RECIEVED ANY OF HIS BELONGINGS.

87. PLAINTIFF HAS GRIEVANCED EACH LISTED RETALIATORY ACTION AND DEEMED THEM "EMERGENCIES" (SEE EXHIBITS 2, 3, 5, 10, AND 17) PLACING C.A.O (CHIEF ADMINISTRATIVE OFFICER) "ANTHONY WILLS" AND ACTING C.A.O "KEVIN REICHERT" AT FAULT COMPLETELY.

46.

88. DEFENDANTS REICHERT AND WILLS RECKLESSLY AND MALICIOUSLY DEPRIVED/IGNORED PLAINTIFF'S RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT, DISCRIMINATION AND RETALIATION, BY FAILING TO INVESTIGATE OR PROPERLY RESPOND TO PLAINTIFF'S SERIOUS LIFE THREATENING/ALTERING SITUATION.

89. THE DEFENDANTS (REICHERT AND WILLS) HAVE SHOWN CLEAR NEGLIGENCE AND INCOMPETENCE DUE TO THEIR AWARENESS OF PLAINTIFF'S COMPLAINT/GRIEVANCE, SEE EXHIBIT 10 AND THE MULTIPLE CLAIMS OF "EXCESSIVE FORCE" DONE BY MENARD C.C. STAFF. (SEE LIST OF MULTIPLE COMPLAINTS ATTACHED)

90. TO FURTHER ADD TO DEFENDANT'S REICHERT AND WILLS RECKLESSNESS AND MALICIOUSNESS, PLAINTIFF WAS IMPROPERLY CHARGED WITH POSSESSION OF DRUGS AND PLAINTIFF'S INNOCENCE COULD'VE (AND WILL BE THROUGH THE GRACE OF THIS COURT) BEEN PROVEN THROUGH "CAMERA FOOTAGE" THAT EXIST WITHIN THE HOUSING UNIT PLAINTIFF WAS HOUSED IN (EASTHOUSE CELL #601). (ALSO SEE CLAIM TWO FOR FULL UNDERSTANDING

47.

91. AGAIN, PLAINTIFF HAS GRIEVANCED THIS IMPRO-PER IMPOSITION OF DISCIPLINARY SEGREGATION, DEE-MED THE GRIEVANCE A EMERGENCY, PLACING THE CLEAR VIOLATIONS OF PLAINTIFF'S DUE PROCESS AND THE CLEAR "ADVERSE ACTIONS" OF STAFF MEMB-ERS (DEFENDANTS LT. WALKER, SGT. JACKSON AND LT. DYE) DIRECTLY IN FRONT OF C.A.O "ANTHONY WILLS" AND OR ACTING C.A.O "KEVIN REICHERT".

92. BOTH "WILLS" AND "REICHERT" HAVE FAILED COMPLETELY TO ACT UPON THEIR DUTY, LEAVING THEM COMPLETELY AT FAULT FOR THEIR INCOMPETENCE, RECKLESSNESS AND NEGLIGENCE. AND SINCE THEY ARE THE HIGHEST RANKING OFFICERS AND HAVE FAILED TO INTERFER WITH THE CLEAR RETALIATION THEIR SUBORDINATE OFFICERS ARE INFLICTING ON PLAINTIFF TO DETER HIS SPEECH.

93. THIS "SPEECH" IS PLAINTIFF EXPRESSING AND EXHAUSTING PROPER METHODS TO SEEK REDRESS FOR THE EXCESSIVE FORCE THAT WAS DONE UNTO PLAINTIFF UNLAWFULLY.

94. PLAINTIFF WAS WARNED/THREATEN ABOUT GRIEVANCING THE EXCESSIVE FORCE INCIDENT AND

48.

THE AMBIGUOUS STATEMENTS AND CONTRADICTING DOCUMENTS MADE BY "WARDEN WILLS" STAFF VIEWED IN TOTALITY ALONG WITH THE CLEAR IGNORANCE OF WARDEN WILLS REGARDING THESE ADVERSE ACTIONS OF HIS STAFF SUBSTANTIATES RETALIATION.

95. THE ADVERSE ACTIONS PLAINTIFF HAS STATED AND SHOWN SHOW "A CHRONOLOGY OF EVENTS" AND WOULD "SHOCK THE CONSCIENCE" of ANY REASONABLE PERSON, IT IS COMPLETELY CLEAR THAT WARDEN ANTHONY WILLS LACK OF ACTION ARE CAPABLE OF DETERRING A PERSON OF ORDINARY FIRMNESS.

96. PLAINTIFF IS ALREADY UNDER EDUCATED AND A MENTAL HEALTH PATIENT, THE USAGE OF EXCESSIVE FORCE, DESTROYING/MISHANDLING PLAINTIFFS PROPERTY, ALONG WITH THE IMPOSITION OF DISCIPLINARY SEGREGATION VIEWED COLLECTIVELY DEFINITELY SHOW AND PROVE RETALIATION BY WARDEN WILLS SUBORDINATES AND CLEARLY THESE ADVERSE ACTIONS ARE MOTIVATED DUE TO PLAINTIFF SEEKING REDRESS WHICH IS "PROTECTED SPEECH".

97. PLAINTIFF HAS INFORMED CHIEF ADMINISTRATIVE OFFICER (C.A.O) "ANTHONY WILLS" AND SOMETIMES "KEVIN

49.

EICHORST (WHO SOMETIMES SIGNS OFF AS C.A.O) OF THEIR STAFF CONDUCT AND THEY (WILLS AND REICHERT) HAVE FAILED AND NEGLECTED TO FULFILL THEIR DUTIES WHICH IS TO ENSURE SAFE AND SECURE LIVING CONDITIONS. (SEE EXHIBIT 8) ALSO SEE (EXHIBITS 2, 3, 10 AND 17) TO PROVE THE "C.A.O" KNOWLEDGE OF THE ADVERSE ACTIONS, OF THEIR STAFF.

98. IN CONCLUSION, PLAINTIFF PRAYS THIS COURT ACKNOWLEDGES THE RETALIATORY CONDUCT PLAINTIFF ENDURED AND DEEMS THIS CLAIM A VIOLATION OF HIS 1ST, 8TH AND 14TH AMENDMENT, PLAINTIFF ATTACHES HIS REQUESTED RELIEF BELOW;

1. COMPENSATORY DAMAGES IN THE AMOUNT OF $ 21,000.00 AGAINST EACH DEFENDANT JOINTLY (IN THEIR OFFICIAL CAPACITY) AND SEVERALLY (IN THEIR INDIVIDUAL CAPACITY)

2. PUNITIVE DAMAGES ON THE AMOUNT OF $ 5,000.00 AGAINST EACH DEFENDANT IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY.

3. RE-IMBURSE PLAINTIFF COST OF SUIT AND ANY OTHER RELIEF THIS COURT DEEMS JUST.

DATE:

/s/

50.

NUMBERED EXHIBITS AND CITED EVIDENCE

. EXHIBIT 1 - DISCIPLINARY REPORT REGARDING 203 AND 308 CHARGES AND INCIDENT.

. EXHIBIT 2 - GRIEVANCE # K4-0724-3096 IN REGARDS TO DISCIPLINARY REPORT ON 203 AND 308.

. EXHIBIT 3 - GRIEVANCE # K4-0824-3604 IN REGARDS TO "THE LIVING CONDITIONS IN TOTALITY" ON RESTRICTIVE HOUSING UNIT NORTH 2.

. EXHIBIT 4 - AFFIDAVITS FROM MYSELF AND OTHER INMATE HOUSED IN NORTH 2, SWEARING TO THE TOTALITY OF THE CONDITIONS OF CONFINEMENT.

. EXHIBIT 5 - GRIEVANCE # K4-0824-3670 IN REGARDS TO UNSAFE/DANGEROUS CONDUCT BY STAFF AND ME BEING DENIED PROPER PROTOCOL WHEN DECLARING A HUNGER STRIKE.

. EXHIBIT 6 - RECIEPT OF A MAILED LETTER TO THE UNITED STATES DISTRICT COURT, EXPLAINING THE CRUEL AND UNUSUAL PUNISHMENT OF MENARD C.C.

. EXHIBIT 7 - MANDAMUS FILED BY INMATE MARCELLUS FRENCH # M21081 REGARDING IMPOSITION OF DISCIPLINARY SEGREGATION AND TOTALITY OF INHUMANE LIVING CONDITIONS.

. EXHIBIT 8 - ORIENTATION MANUEL (D.R. 504's)

EXHIBIT 10 - GRIEVANCE # K4-0524-2056 IN REGARDS TO EXCESSIVE FORCE AGAINST LATHAM PAIN THAT HE IS SUFFERING FROM DUE TO EXCESSIVE FORCE.

EXHIBIT 11 - LETTER REGARDING TOTALITY OF LIVING CONDITIONS AND HUNGER STRIKE TO THE UNITED STATES DISTRICT COURT.

EXHIBIT 12 - AFFIDAVITS REGARDING INADEQUATE GRIEVANCE PROCESSING AT MENARD C.C.

EXHIBIT 13 - AFFIDAVIT OF PLAINTIFF REGARDING USE OF EXCESSIVE FORCE, STAFF CONDUCT, PREA, ETC.

EXHIBIT 14 - AFFIDAVIT OF PLAINTIFF REGARDING MISHANDLING OF PROPERTY (WHICH INCLUDED LEGAL WORK, PICTURES, OBITURARYS, ELECTRONICS, MAIL, BOOKS, MAGAZINES, CLOTHING AND HYGIENE AND FOOD PRODUCTS FROM COMMISSARY.

EXHIBIT 15 - DISCIPLINARY TICKET ISSUED ON SEXUAL MISCONDUCT 09.24.2023

EXHIBIT 16 - AFFIDAVIT OF MARCELLUS FRENCH REGARDING PLAINTIFF'S EXTRACTION OFF 5 GALLERY 09.23.23.

EXHIBIT 17 - GRIEVANCE # K4-0924-4564 REGARDING MISHANDLING/MISPLACEMENT OF PLAINTIFF PROPERTY.

EXHIBIT 18

EXHIBIT 19 -

AFFIDAVIT REGARDING PLAINTIFF'S MEN-
TAL HEALTH

EXHIBIT 1

Disciplinary

**Type of Report:**
☑ Disciplinary    ☐ Investigative    Facility: Menard Correctional Center    Date: 6/27/2024

Name of Individual in Custody: DEONTAE LATHAM    ID #: M53473    SMI: ☑ yes ☐ no    Race: Black

Observation Date: 6/27/2024    Approximate Time: 7:35    ☑ a.m. ☐ p.m.    Location: Internal Affairs

**Offense(s): DR 504:** 203: Drugs and Drug Paraphernalia, 308: Contraband or Unauthorized Property

**Observation:** (NOTE: Each offense identified above must be substantiated.)

On today's date, Thursday June 27, 2024, at approximately 7:35 am, I C/O R. GEARHART #3374 am issuing this Disciplinary Report to Individual in Custody DEONTAE LATHAM M53473. This Disciplinary Report is being issued based on violations that have been discovered during the course of an internal investigation that concluded on today's date. On April 20, 2024, East Cell House Staff intercepted a line (laundry bag being passed) that was going from cell East 6-05, where Individual in Custody PHAROAH MORRIS M44183 resided as the sole occupant, and was going to cell East 6-01, where LATHAM had a hold of the line and was pulling it into his cell when it was intercepted by cell house staff. During the search of the laundry bag staff discovered one handwritten note, and inside the handwritten note was a square piece of card stock like material that measured approximately 1/4" x 1/4" and appeared to be saturated

**Witness(es):** C/O D. EGGERS #9292

☑ Check if Disciplinary Report Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| R. GEARHART | 3374 | | | 6/27/2024 | 7:50 | ☑ a.m. ☐ p.m. |
|---|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | | Date | Time | |

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement    ☐ Investigative Status    Reasons:_____

_____
Printed Name and Badge #    Shift Supervisor's Signature    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment:_____

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

_____
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if individual in custody refused to sign

_____
Individual in Custody's Signature    ID#

_____
Serving Employee (Print Name)    Badge #    Signature
☐ a.m. ☐ p.m.

_____
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____
Individual in Custody's Signature    ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____
Date of Disciplinary Report    Print individual in custody's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

_____
Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to: _____

_____
Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to: _____

Page 1 of 2

Distribution:    Master File    Individual in Custody

*Printed on Recycled Paper*    DOC 0317 (Rev. 7/2021)

DEPARTMENT OF
ry Report Continuation Page

## Menard Correctional Center
Facility

■ Disciplinary Report    ☐ Investigative Report    ☐ Disciplinary Summary    ☐ Adjustment Committee Summary

Report/Incident Date: 6/27/2024                    Incident # (if applicable): _____

**Individual in Custody Information:**
Name: DEONTAE LATHAM                    ID #: M53473

Use the space below to provide any additional information.

in an unknown substance. The piece of cardstock like material was field tested by the Internal Affairs Unit and yielded a preliminary positive result for Synthetic Cannabinoids. The piece of cardstock like material was sealed in an evidence bag and was stored in the Internal Affairs Vault until it was delivered to the Illinois State Police Crime Lab on May 8, 2024.

Video Footage was reviewed and preserved, which showed MORRIS throwing the line out of his cell (East 6-05) and LATHAM (in cell East 6-01) having possession of the line while pulling it to his cell when security staff intercepted the line.

On June 25, 2024, the Illinois State Police Crime Lab returned the Drug Chemistry Report on the piece of cardstock like material discovered in the line that went from MORRIS' cell to LATHAM as being Synthetic Cannabinoids. Due to the following statement in the Illinois Controlled Substances Act, "730 ILCS 5/5-9-1.4 (b) states that a criminal laboratory analysis fee of $100 shall be imposed for persons adjudged guilty of an offense in violation of the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act." I am requesting LATHAM pay restitution to IDOC in the amount of $100 for the criminal laboratory analysis fee imposed for the piece cardstock like material that returned a positive result for Synthetic Cannabinoids from the Illinois State Police Crime Lab. Due to the 1/4" x 1/4" piece of cardstock like material discovered in the line from MORRIS to LATHAM returning a positive result for Synthetic Cannabinoids from the Illinois State Police Crime Lab on June 25, 2024, DEONTAE LATHAM M53473 is being issued a Disciplinary Report for violating Departmental Rules 504A; 203; Drugs and Drug Paraphernalia, and 308; Contraband or Unauthorized Property. DEONTAE LATHAM M53473 was identified by Institutional Graphics and Offender 360. Proper Chain of Command Notified. End of Report.

Page 2 of 2

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** LATHAM, DEONTAE | **IDOC Number:** M53473 | **Race:** BLK |
| **Hearing Date/Time:** 7/2/2024  09:01 AM | **Living Unit:** MEN-N2-01-32 | **Orientation Status:** N/A |
| **Incident Number:** 202401597/1 - MEN | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/27/2024 | 202401597/1-MEN | GEARHART, ROBERT W | INTERNAL AFFAIRS | 07:35 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 203 | Drugs & Drug Paraphernalia<br>*Comments:POSITIVE SYNTHETIC CANNABINOIDS* | Guilty |
| 308 | Contraband/Unauthorized Property | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
-Individual in Custody Latham-M53473 appeared before the committee for charges and plead not guilty stating he was woke up and asked to unravel the line from the bar, the line was not coming to me. The catwalk officer told me to grab the line.

## BASIS FOR DECISION
Based on the observation of the reporting employee, violations that have been discovered during the course of an internal investigation that concluded on today's date, On April 20, 2024 East cell house staff intercepted a line(laundry bag being passed) that was going from the cell East 6-05 where Individual in Custody Morris-M44183resides as the sole occupant, and going to cell East 6-01, where Individual in Custody Latham-M53473 had a hold of the line and was pulling it into his cell when it was intercepted by cell house staff. During the search of the laundry bag staff discovered on handwritten note and inside the handwritten note was a square piece of card stock like material that measured ¼" x ¼" and appeared to be saturated with an unknown substance. The piece of cardstock was field tested by the Internal Affairs unit and yielded a preliminary positive result for Synthetic Cannabinoids. The cardstock was sealed in an evidence bag and stored in the internal affairs vault until they could be delivered to the Illinois State Police division of Forensic Services crime lab on May 8, 2024. Video footage was reviewed and preserved which showed Morris (E6-05) throwing the line out of his cell and Latham (E6-01) having possession of the line while pulling it to his cell when security staff intercepted the line.  On June 25,2024 the Illinois State Police division of Forensic Services returned the drug chemistry report on the piece of cardstock material as being Synthetic Cannabinoids. Chain of command was notified.
-Individual in Custody Morris-M44183 was identified by Institutional graphics and offender O360.
-Committee finds Individual in Custody guilty based on information provided and accepts the written report to be a factual account of the incident and is satisfied the violations occurred as reported.
Individual in Custody Latham-M53473 has a history that includes a citations for same charge the last one on 12/29/2023.
**DOC 0298 was completed for the 203 charge and forwarded to the Substance Abuse Coordinator.
- Substance was field tested and came back positive for Synthetic Cannabinoids.
-**Positive preliminary test results were sent out to Illinois State Police Crime Lab for confirmation.
-Based on the verification from the Menard Internal Affairs Unit and video footage.
-Individual in Custody provided the Adjustment Committee a written statement during the hearing that states in summary: the ticket does not follow the DR 504.
-Mental health reviewed this Individual in Custody case.  Individual in Custody is designated as seriously mentally ill (0443 completed and made part of the record) Mental health professionals recommended the individuals in custody's SMI designation be considered when recommending Restrictive Housing time.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade<br>6 Months Segregation<br>**Basis for Discipline:** Nature of offense | 3 Months C Grade<br>6 Months Segregation |

## STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** LATHAM, DEONTAE          **IDOC Number:** M53473          **Race:** BLK

**Hearing Date/Time:** 7/2/2024   09:01 AM          **Living Unit:** MEN-N2-01-32          **Orientation Status:** N/A

**Incident Number:** 202401597/1 - MEN          **Status:** Final

---

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| WALKER, SANDY L  - Chair Person | | 07/02/24 | WHI |
| JONES, ANTHONY B | | 07/02/24 | BLK |

Recommended Action Approved

---

**Final Comments:** N/A

---

ANTHONY D WILLS / ADW  8/16/2024                           08/16/24

**Chief Administrative Officer**                  **Signature**                  **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**          9-7-24   1500

**When Served - - Date and Time**

EXHIBIT 2

# State of Illinois - Department of Corrections

## Counseling Summary

**IDOC #**  M53473

**Offender Name**  LATHAM, DEONTAE

**Current Admit Date**  07/31/2015

**MSR Date**  06/13/2034

**HSE/GAL/CELL**  N2-01-32

**Counseling Date**  07/11/24 14:36:45:960

**Type**  Collateral

**Method**  Grievance

**Location**  MEN GRIEVANCE OFFICE

**Staff**  RAMSEY, SHEILA M., Office Coordinator

Grievance Office received grievance #K4-0724-3097 marked emergency by the individual in custody regarding IDR 6/27/2024, dated 7/9/2024. Forwarded to CAO to determine if the grievance will be expedited as an Emergency.  **Previously given #K4-0724-3097 in error. Correction made on 7/15/2024: THE CORRECT GRIEVANCE NUMBER IS #K4-0724-3096.

EXHIBIT 3

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M53473 | **Counseling Date** | 08/06/24 13:58:05:763 |
| **Offender Name** | LATHAM, DEONTAE | **Type** | Collateral |
| **Current Admit Date** | 07/31/2015 | **Method** | Grievance |
| **MSR Date** | 06/13/2034 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-01-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #K4-0824-3604 marked emergency by the individual in custody regarding unsafe/unsanitary living conditions, no cleaning supplies and medical treatment, dated 8/5/2024. Forwarded to CAO to determine if the grievance will be expedited as an Emergency.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M53473 | **Counseling Date** | 08/08/24 09:35:54:290 |
| **Offender Name** | LATHAM, DEONTAE | **Type** | Collateral |
| **Current Admit Date** | 07/31/2015 | **Method** | Grievance |
| **MSR Date** | 06/13/2034 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-01-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Emergency grievance #K4-0824-3604 was deemed to be non-emergency by CAO. Forwarded to Clinical Services for 1st level Counselor's response.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M53473 | **Counseling Date** | 08/14/24 08:19:52:717 |
| **Offender Name** | LATHAM, DEONTAE | **Type** | Collateral |
| **Current Admit Date** | 07/31/2015 | **Method** | Grievance |
| **MSR Date** | 06/13/2034 | **Location** | MEN NORTH 2-DISCIPLINARY SEGREGAT |
| **HSE/GAL/CELL** | N2-01-32 | **Staff** | LOYD, BETTY J., Office Associate |

Grievance Office received grievance #K4-0824-3604 dated 8/5/2024 regarding unsafe/unsanitrary living conditions/no cleaning supplies, medical treatment. Grievance forwarded to Grievance Officer for review at second level.

**Print Date** 8/14/2024

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO INDIVIDUAL IN CUSTODY'S GRIEVANCE**

N2-1-32

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 08/14/2024 | **Date of Review:** 09/16/2024 | **Grievance #:** K4-0824-3604 |
| **Individual in Custody Name:** Latham, Deontae | | **ID#:** M53473 |

**Nature of Grievance:**

Unsanitary Living Conditions/No Cleaning Supplies

**Facts Reviewed:**

Individual in Custody submitted a grievance dated 08/05/2024 and grieves an Individual in Custody housed in the same living unit started throwing a liquid substance out of his cell. This Individual along with several others complained especially once they realized the substance was urine. A fire was also started causing mass smoke making it difficult to breathe. He claims there is no ventilation system or sprinkler system at Menard and a violation of safety code.

Relief Requested – "Emergency transfer, immediate release from segregation, if I can't get segregation cut for the distress, immediate medical attention to make sure grievant was not contaminated by exposure to urine."

Counselor reviewed on 08/12/2024 - See attached DOC 0743 for response. *NOTE – This was not provided by the Individual in Custody when submitting this grievance to the second level. A copy was produced to properly review.

Grievance Office reviewed on 09/16/2024 - This Grievance Officer finds the issues were appropriately addressed by the Counselor. Additionally, Menard C.C. is inspected yearly. Smoke Evac systems are installed in each cell house along with fire suppression.

**Recommendation:**

Based upon a total review of all available information, this Grievance Officer recommends the Individual in Custody's grievance be DENIED.

| J. Guetersloh - Correctional Counselor 1 | Jacob Guetersloh  Digitally signed by Jacob Guetersloh Date: 2024.09.16 13:26:11 -05'00' |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |
| (Attach a copy of Individual in Custody's Grievance, including counselor's response if applicable) | |

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 09/16/2024 | ☑ I concur   ☐ I do not concur | ☐ Remand |

**Action Taken:**

| Anthony Wills  TK | Digitally signed by Anthony Wills   TK Date: 2024.09.18 14:47:22 -05'00' | 09/18/2024 |
|---|---|---|
| | Chief Administrative Officer's Signature | Date |

| Individual in Custody's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents )

| *Deontae Latham* | M53473 | 9.29.24 |
|---|---|---|
| Individual in Custody's Signature | ID# | Date |

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Assigned Grievance #/Institution:  JB  N2-1-32    MEN  AUG 08 2024    Housing Unit:    MEN  AUG 14 2024    Bed #: _____

| Date: 8·5·24 | Offender (please print): DEONTAE LATHAM | ID #: M53473 | Race (optional): Muslim |
|---|---|---|---|

| Present Facility: MENARD C.C. | Facility where grievance issue occurred: MENARD C.C. |
|---|---|

K4-0824-3604

**Nature of grievance:**

☐ Personal Property  ☐ Mail Handling  ☑ Medical Treatment  ☐ ADA Disability Accommodation

☑ Staff Conduct  ☐ Dietary  ☐ HIPAA  ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility  ☑ Other (specify): In Humane Living Conditions

☐ Disciplinary Report

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On August 4th 2024 at approxmately 5:00 AM A INdividual housed in NoRTH two Cell # 131 (grievant) is housed in same unit) Cell # 132) Started throwing A Liquid Substance out of his Cell Myself and Other individuals in Custody specifically Cell # 129, 130, 133) Complained at Cell # 131 Conduct, especially once We realized the Liquid Substance Cell # 131 was throwing was URINE (the smell was obvious and the Color of the

☑ Continued on reverse

**Relief Requested:**

emergency TRANSFER, Immediate release from Segregation, if I Can't get segregation cut for the distress, Immediate medical Attention to make sure grievant was not Contaminated by exposure to URINE

☑ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

| _Deontae [signature]_ | M53473 | 8·5·24 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: 8/8/2024    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

See attached response

| Becker | Becker [signature] | 8/12/2024 |
|---|---|---|
| Print Counselor's Name | Sign Counselor's Name | Date |

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**    Date Received: MEN  AUG 06 2024

Is this determined to be of an emergency nature:

☐ Yes, expedite emergency grievance

☑ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

| _[signature]_ | 8-7-24 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender    Page 1 of 2    8B unsafe/unsanitary living Conditions No Cleaning Suppli    DOC 0046 (Rev 8/2020)

ssigned Grievance #/Institution                                                    Housing Unit

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Ind Lvl rec

Substance Yellow/Brownish) This angered cell #131 in which he started throwing urine towards my (cell #132) And the opposite direction, urine splashed on my wall And cell bars. From the reaction and statements yelled by my Neighbor cell #130 urine got on his body And personal property. A fire was Ignited causing mass smoke and making it very complicated to breathe, No ventilation system exist within menard A clear health code~~violation~~ violation, nor does a sprinkler to prevent fire another violation of safety code. I had to clean urine without proper protection and sanitation (gloves, disinfect, bleach, towels, etc) I have not been given medical Attention after clearly being exposed to urine (contaminant). Along with exposure to open/wild fire smoke for approximately 25 minutes as it took the gallary officer 25 minutes to respond to the clear health crisis I told the officers that I clearly have urine all on my clothes and even my face and yet I still have not seen medical treatment or had the right proper cleaning to clean my cell the right way and I don't no what this grievant could have

Illinois Department of Corrections

**Follow-up Individual in Custody Counselor Response**

Pilot Program Only

Housing Unit: North 2          Bed #: 1-33          Assigned Grievance Number: K4-0824-3604

| Date: | Individual in Custody Name (please print): | ID #: | Race (optional): |
|---|---|---|---|
| 08/12/2024 | Latham, Deontae  * | M53473 | |
| **Current Facility:** | | **Facility where grievance issue occurred:** | |
| Menard Correctional Center | | Menard Correctional Center | |

The individuals responsible for the unknown substance and fires were removed from the gallery and moved to a different area. You cannot request a transfer while in Restricted Housing. Per North 2 sanitation: cleaning supplies are passed out on the gallery every Saturday and available every day by request. If you would like to be seen by healthcare you may put in a request for sick call.

J Becker CCI

Counselor Name (Print)

*Becker* (signature)

Counselor Signature

08/12/2024

Date

EXHIBIT 4

## AFFIDAVIT/DECLARATION

Today is 10·1·24, I am Currently housed in menARD C.C. Unit North two Cell #132. I have been in Segregation for 94 days And I have yet to recieve any indoor or outdoor recreation to exercise and properly stretch my bones and Ligaments. I have requested medical treatment for my back and spine pain, I've been completely denied Access to medical for this request. It have been very painful since I haven't been able to move around I have been in this Cell #132 for 94 days and only came out once which is very inhumen I have recieved ten (10) showers the 94 days I've been housed in restrictive housing Segregation. I been directly exposed to rioting, floods, feces, URINE, waste, mace, And drug smoke (second hand smoke) AFFIANT has had feces, thrown on him and URINE thrown on him during seperate occurences and was subject to breathing wildfire (Black smoke) multiple times due to rioting. everthing Stated above is a direct violation of ILLINOIS department of Corrections policy 730 ILCS s/3-2-2 20 IAC 504, 525 and 535.

Under Penalty of PerJury (Pursuant to 28 U.S.C 1746) I declare that this Aforementioned Affidavit I Deontae M. LATHAM Provide the above Statement in Good faith And I know And Believe the Contents herein are true in Substance And fact.

Date: 9·1·24   Deontae Scott

Deontae Latham #MS347

P.O. box 1000

MENARD IL 62259

Affidavit/Declaration

Today is 8·12·24, I am Currently housed in Menard c.c. unit north two Cell# 132. In accordance With grievance 6·27·24 as of the above date I have been in Segregation 47 days (1 month) and 7 days and I have yet to recieve any indoor or outdoor recreation to exercise and properly stretch my bones and Ligaments. Menard C.C. are not following the administrative rules and policies set forth by I.D.O.C (Administrative review board) See menard restrictive housing Policy 730 ILCS 5/3-2-2 20 IAC 504, 525 and 535, Authoriz by director Rob Jeffreys, which states the department SHALL ensure Individuals in Costudy placed in restrictive housing are provided iving Conditions in accordance with department rule 504, administration of discipline and provisions established herein. "I've been exposed to five (5) toilet floods with remnants of urine, feces and rotten food, these floods Always enter My Cell Leaving me responsibl or cleaning these hazardous Situation without proper protection and sanitation. Showers are also not Issued in accordance with the administrative directive. I've only been allowed to shower three times in the last 47 days I've been back here I've been house n menard c.c. restrictive housing unit (North two).

Under Penalty of Perjury (Pursuant to 28 USC 1746, I declare that this Aforementioned Affidavit I, DEONTAE LATHAM, Provide the above statement in good faith and I know and Believe the Contents herein are true in Substance And fact.

Date: 8·12·24

Deontae M. LATHAM
ID# M53473
Pa box 1000
Menard IL 62259

AFFIDAVIT/DECLARATION

Today is 07.24.2024, I AM currently Housed in MENARD C.C. Unit North two cell#132. IN Accordance With GRIEVANCE                    As of The Above date I have Been in segregation **27 days** (**1 month**) And I have yet to recieve <u>Any</u> indoor or Outdoor Recreation to exercise And Properly stretch My Bones And LIGAMENTS. MENARD C.C. ARE <u>Not</u> following the ADMINISTRATIVE Rules And Policies set forth by I.D.O.C (Administrative Review Board) See Menard restrictive housing Policy 730 ILCS 5/3-3-2. 20 IAC 504, 525 And 535, Authorized by director RoB Jeffrey's, Which states "the DEPARTMENT <u>SHALL</u> ensure Individuals in Costudy Placed in restrictive housing are provided living Conditions in Accordance With department rule 504, Administration of Discipline And Provisions establ'shed herein." I've been exposed to <u>three</u> (3) toiLet floods with remnants of urine, feces and rotten food, these floods Always enter My Cell leaving Me responsible for cleaning these Hazardous situations without proper protection and SANitation. Showers are Also not Issued in Accordance With the Administrative directive. I've only been ALLowed to shower <u>twice</u> the 27 days I've been House in menard C.C. restrictive housing unit (North two).

Under Penalty of Perjury (Pursuant to 28 U.S.C 1746) I declare that this Aforementioned Affidavit I, Deontae Latham, Provide the above statement in good faith and I <u>know</u> And <u>Believe</u> the Contents Herein are true in SubstANce And fact.

Date: 7.24.2024

Deontae M. Latham
ID#M53473
P.o. Box 1000
menard IL 62259

EXHIBIT 5

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | M53473 | **Counseling Date** | 08/08/24 15:22:59:010 |
| **Offender Name** | LATHAM, DEONTAE | **Type** | Collateral |
| **Current Admit Date** | 07/31/2015 | **Method** | Grievance |
| **MSR Date** | 06/13/2034 | **Location** | MEN GRIEVANCE OFFICE |
| **HSE/GAL/CELL** | N2-01-32 | **Staff** | RAMSEY, SHEILA M., Office Coordinator |

Grievance Office received grievance #K4-0824-3670 marked emergency by the individual in custody regarding conditions of confinement, out of cell movement, living conditions, staff conduct, declaration of hunger strike and transfer, dated 8/6/2024. Forwarded to CAO to determine if the grievance will be expedited as an Emergency.

**Print Date  8/8/2024**

EXHIBIT 6

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Payment

Posting Document # _____    Date _____

Individual in
Custody Name _____ ID# _____ Housing Unit _____

Pay to _____

    Address _____

    City, State, Zip _EAST ST. LOUIS_____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____

☐ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic
    funds transfers to be placed in the attached mail.

Individual in Custody Signature _____ ID# _____

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Individual in Custody, Mail Room          _Printed on Recycled Paper_          DOC 0296 (Rev 8/2021)

EXHIBIT 7

U.S. DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

MARCELLUS A. FRENCH SR. # M21081

PLAINTIFF,

SCANNED at MENARD and E-mailed
7-16-24 by JA  51 pages
Date    initials    No.

MOTION FOR MANDAMUS

NOW COMES PLAINTIFF, MARCELLUS A. FRENCH SR., PRO SE' RESPECTFULLY REQUESTING THIS HONORABLE COURT TO GIVE THE PLAINTIFF THE PROTECTION HE IS DUE SINCE THE STAFF AND ADMINISTRATION HERE AT MENARD CORRECTIONAL CENTER HAVE COMPLETELY DEPRIVED PLAINTIFF OF HIS DUE PROCESS AND EQUAL PROTECTION, BY SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT ALONG WITH INHUMANE CONDITIONS OF CONFINEMENT. THE FACTS TO THIS COMPLAINT AND RELIEF REQUEST IS STATED BELOW;

NOTE: PLAINTIFF IS IN FEAR FOR HIS LIFE, HEALTH AND SANITY BECAUSE OF THE ACTIONS, TREATMENT AND EXPRESSIONS DONE TOWARDS PLAINTIFF BY THE STATED MENARD STAFF.

1

## DUE PROCESS VIOLATIONS (LIBERTY INTEREST)

PLAINTIFF IS AWARE THAT CONVICTED INMATES LOSE CERTAIN RIGHTS ONCE IMPRISONED/CONVICTED BUT THE 14TH AMENDMENT OF THE U.S. CONSTITUTION PROTECTS INMATES WHEN LIFE, LIBERTY AND PROPERTY ARE AT RISK. THIS IS WHY (I.D.O.C.) ILLINOIS DEPARTMENT OF CORRECTIONS HAS ADMINISTRATIVE DIRECTIVES FOR THEIR OFFICERS TO FOLLOW AND DEPARTMENT RULES FOR INMATES TO FOLLOW.

ACCORDING TO DEPARTMENT RULES SECTION 504.80 (TITLED ADJUSTMENT COMMITTEE HEARING PROCEDURES PAGE 20) SEE EXHIBIT A, PARAGRAPH D STATES " ANY PERSON WHO INITIATED THE ALLEGATIONS THAT SERVE AS THE BASIS FOR THE DISCIPLINARY REPORT, OR WHO CONDUCTED AN INVESTIGATION INTO THOSE ALLEGATIONS, OR WHO WITNESSED THE INCIDENT,

2.

OR WHO IS OTHERWISE NOT IMPARTIAL SHALL NOT SERVE ON THE ADJUSTMENT COMMITTEE HEARING OF THAT DISCIPLINARY REPORT. AN INDIVIDUAL IN CUSTODY WHO OBJECTS TO A MEMBER OF THE ADJUSTMENT COMMITTEE BASED ON A LACK OF IMPARTIALITY MUST RAISE THE MATTER AT THE BEGINNING OF THE HEARING. THE ADJUSTMENT COMMITTEE SHALL DOCUMENT THE BASIS OF THE OBJECTION AND THE DECISION IN THE ADJUSTMENT COMMITTEE SUMMARY".

ON 07·02·24 I WAS CHARGED WITH A 105 - DANGEROUS DISTURBANCE. ON 07·09·24 I ATTENDED THE ADJUSTMENT COMMITTEE HEARING, IN WHICH AS SOON AS I ENTERED THE HEARING AND IDENTIFIED THE INDIVIDUALS APART OF THE COMMITTEE, I VERBALLY OBJECTED TO A LACK OF IMPARTIALITY DUE

3

TO SGT. JONES PRESENCE ( WHO PLAINTIFF HAS A PENDING CIVIL SUIT AGAINST SEE FRENCH V. WILLS ET AL CASE NO. 3:23-CV-02948-DWD ) ALSO LT. DYE AND LT. LYNCH PRESENCE ( WHO ARE THE OFFICERS THAT ESCORTED PLAINTIFF FROM THE INCIDENT TO SEGREGATION, AND ALSO QUESTIONED/INVESTIGATED PLAINTIFF REGARDING THE INCIDENT.)

YET AND STILL AFTER MY VERBAL OBJECTION LT WALKER ASKED ME HOW DO I PLEA? IN, WHICH I STATED NOT GUILTY TO A CHARGE OF "DANGEROUS DISTURBANCE" AS THE CHARGE BY DEFINITION DOES NOT FIT THE NARRATION OF THE DISCIPLINARY REPORT. SEE EXIHIBIT A (PAGE 18 FOR DEFINITION OF "105- DANGEROUS DISTURBANCE") ALSO SEE EXHIBIT B PLAINTIFF'S DISCIPLINARY REPORT.

UPON BEING RETURNED TO MY CELL I STATED OVER THE GALLERY I HAVE WEDNESDAY'S

4

BREAKFAST TRAYS FOR TWO GRIEVANCES (SINCE NO OFFICER THAT WORKED THE GALLERY PLAINTIFF IS HOUSED ON WOULD GIVE PLAINTIFF A GRIEVANCE) IN WHICH PLAINTIFF'S NIEGHBOR NATHAN CANTRELL #442600 LOCATED IN CELL #134 PROVIDED PLAINTIFF WITH TWO GRIEVANCES AND OTHER NECCESSITIES MENARD C.C. STAFF FAILED TO PROVIDE PLAINTIFF WITH. (SEE EXHIBIT C AFFADAVIT OF NATHAN CANTRELL)

PLAINTIFF FILED TWO GRIEVANCES ON 07.09.24 AT APPROXIMATELY 10:00 PM WITH GALLERY OFFICER HOWELL (3PM - 11PM 1 GALLERY OFFICER IN NORTH TWO SEGREGATION UNIT, SEE CAMERA FOOTAGE ON GALLERY TO SUBSTANT- IATE STATEMENT) PLAINTIFF GRIEVED THE CLEAR VIOLATION OF HIS DUE PROCESS REGARDING THE ADJUSTMENT COMMITTEE HEARING, REQUESTING THE CAMERA FOOTAGE

5.

OF THE HEARING BE PRESERVED TO CONFIRM THE IDENTITIES OF THE COMMITTEE MEMBERS. PLAINTIFF ALSO DEEMED THE GRIEVANCE AN EMERGENCY PLACING WARDEN ANTHONY WILLS AT THE CENTER OF THE PROBLEM. AS OF THE DATE OF THIS FILING PLAINTIFF HAS NOT HEARD A RESPONSE TO HIS EMERGENCY GRIEVANCE.

AS OF THE FILING OF THIS MANDAMUS PLAINTIFF HAS BEEN IN SEGREGATION 14 DAYS AFTER THE ALLEGED COMMISSION OF THE OFFENSE AND HE HAS NOT HAD AN FAIR AND IMPARTIAL ADJUSTMENT COMMITTEE HEARING WHICH IS WHY PLAINTIFF RESPECTFULLY REQUEST THE RELIEF STATED BELOW;

1. IMMEDIATE TRANSFER TO ANOTHER FACILITY.
2. IMMEDIATE RELEASE FROM SEGREGATION SINCE THE PROPER PROCEDURES REGARDING THE ADJUSTMENT COMMITTEE HEARING WERE

6.

NOT FOLLOWED AND TIME FRAME TO HAVE A TIMELY HEARING HAS LAPSED. (SEE EXHIBIT A PAGE 26 SECTION 504.80 TITLED ADJUSTMENT COMMITTEE HEARING, PROCEDURES, SPECIFICALLY PARAGRAPHS _A_ AND _D._)

3. PLAINTIFF RECIEVE $215.00 (TWO HUNDRED AND FIFTH TEEN DOLLARS) EVERYDAY He SPENDS IN SEGREGATION, DUE TO THE DENIAL OF DUE PROCESS, PLAINTIFFS PRESENCE IN SEGREGATION IS AN IMPOSITION, AND IS CRUEL AND UNUSUAL PUNISHMENT AND WITHOUT QUESTION IS UNLAWFUL.

4 AN ORDER OF PROTECTION Be PLACED ON THE INDIVIDUALS NAMED BELOW,

- LT. SANDY WALKER
- LT. DYE
- LT. LYNCH
- SGT. JONES

TO ENSURE THE SAFETY of PLAINTIFF UNTIL He IS TRANSFERED.

7

<u>CRUEL AND UNUSUAL PUNISHMENT (INHUMANE CONDITIONS)</u>

AGAIN, PLAINTIFF IS AWARE THAT CONVICTED INMATES LOSE RIGHTS AND PRIVILEDGES ONCE IMPRISONED/CONVICTED, BUT NOT <u>ALL</u> RIGHTS. THE 8TH AMENDMENT OF THE U.S. CONSTITUTION PROTECTS INMATES FROM LIVING IN INHUMANE CONDITIONS OF CONFINEMENT. AGAIN, THIS IS WHH (I.D.O.C.) ILLINOIS DEPARTMENT OF CORRECTIONS HAS ADMINISTRATIVE DIRECTIVES FOR THEIR OFFICERS TO FOLLOW AND DEPARTMENT RULES FOR INMATES TO FOLLOW.

ACCORDING TO DEPARTMENT RULES SECTION 504.620 (TITLED RESTRICTIVE HOUSING STANDARDS PAGE 33) SEE EXHIBIT A, WHICH STATES " STANDARDS FOR LIVING CONDITIONS IN RESTRICTIVE HOUSING AREAS SHALL INCLUDE THE FOLLOWING PROVISIONS, PARAGRAPH B, MINIMALLY, EACH CELL <u>SHALL</u> BE FURNISHED WITH;

8.

1. A BED SECURELY FASTENED TO THE CELL FOR EACH COMMITTED PERSON.

2. CLEAN BEDDING, INCLUDING A MATTRESS, BLANKET, SHEETS, PILLOW AND PILLOWCASE FOR EACH COMMITTED PERSON.

3. A WASH BASIN WITH RUNNING WATER AND FLUSHABLE TOILET FACILITIES

4. ADEQUATE LIGHTING FOR READING AND OBSERVATION PURPOSES.

.......... (CONTINUE TO PAGE 34 OF EXHIBIT A)

* DUE TO THE LENGTH THE PROVISIONS PROVIDE PLAINTIFF ONLY STATES WHAT HE WAS DEPRIVED;

PARAGRAPH F — CLEANING MATERIALS SHALL BE MADE AVAILABLE ON A REGULAR BASIS.

PARAGRAPH G — PERSONAL HEALTH AND HYGIENE NEEDS OF THE COMMITTED PERSON SHALL BE PERMITTED AS FOLLOWS;

1. A SHOWER AND SHAVE NO LESS THAN THREE TIMES PER WEEK.

3 A WEEKLY EXCHANGE OF CLEAN INSTITUTIONAL CLOTHS OR AVAILABILITY

9.

PARAGRAPH O — COMMITTED PERSONS SHALL BE AFFORDED THE OPPORTUNITY FOR EXERCISE OUTSIDE THEIR CELLS IN ACCORDANCE WITH SECTION 504.670, WHICH STATES " INDIVIDUAL(S) IN CUSTODY IN RESTRICTIVE HOUSING STATUS SHALL BE AFFORDED THE OPPORTUNITY TO RECREATE OUTSIDE THEIR CELLS A MINIMUM of EIGHT HOURS PER WEEK.

* NOTE: THE WORD "SHALL" MEANS " TO BE UNDER NECESSITY OR OBLIGATION TO" — QUOTING MERRIAM WEBSTER THESAURUS

PLAINTIFF ASK THIS HONORABLE COURT TO TURN THEIR ATTENTION TO EXHIBIT D ( AFFIDAVIT of PLAINTIFF REGARDING CONDITIONS of CONFINEMENT, PLAINTIFF GRIEVANCED THIS ISSUE DEEMED THE GRIEVANCE A EMERGENCY, THE CHIEF ADMINISTRATIVE OFFICER HAS YET TO DO ANYTHING (SEE EXHIBIT E PROOF OF GRIEVANCE FILING) AS THE COURT CAN SEE PLAINTIFF WAS NOT PROVIDED SHEETS, TOWELS, TOOTHPASTE, TOOTHBRUSH, FAN, SOAP, YARD, SHOWERS, FOR

10.

7 DAYS (ACCORDING TO PLAINTIFF AFFIDAVIT MARKED EXHIBIT D)

ON 07·11·24 (10 DAYS OF PLAINTIFF'S PRESENCE IN SEGREGATION) THE NORTH TWO PROPERTY WORKER ~~ASKED~~ THREW WHAT PLAINTIFF REALIZED WAS A "SEG BAG" (HYGIENE NECESSITIES LIKE SOAP, DEODERANT, TOOTHPASTE, SHEETS, TOWELS AND A FAN) ON THE FLOOR OUTSIDE PLAINTIFF'S CELL AND SAID "SINCE YOU LIKE SMACKING SHIT ON THE FLOOR PICK THIS SHIT UP OFF IT" (PLAINTIFF REQUEST THE COURT ORDER THE DEFENDANTS TO PRESERVE CAMERA FOOTAGE TO FURTHER SUBSTANTIATE STATEMENT)

DUE TO A MULTIPLICITY OF TERRIBLE CONDITIONS THE PLAINTIFF REQUEST THE COURT VERY MUCH TO VIEW PLAINTIFF'S CONDITIONS UNDER THE TOTALITY OF CONDITIONS OF CONFINEMENT.

11.

PLAINTIFF HAS YET TO BE SEEN BY MEDICAL 07·02·24 AT APPROXIMATELY 12:00 PM (AGAIN PLAINTIFF ASK THIS HONORABLE COURT TO ORDER DEFENDANTS TO PRESERVE THE CAMERA FOOTAGE TO FURTHER SUBSTANTIATE STATEMENT). IN HEALTH CARE UNIT NORTH TWO, PLAINTIFF CAN BE SEEN BEING SCREEN BY A FEMALE MEDICAL TECHNICIAN, IN WHICH PLAINTIFF INFORMED HER OF HIS CONSISTENT BACK PAINS AND SPASMS ( PLAINTIFF HAS GRIEVANCED THIS MEDICAL ISSUE THE CHIEF ADMINISTRATIVE OFFICER DEEMED PLAINTIFF'S GRIEVANCE AN EMERGENCY YET HE HAS <u>NOT</u> ( PLAINTIFF ) BEEN SEEN BY MEDICAL.)

PLAINTIFF ALSO HAS A SERIOUS ISSUE WITH HIS "BIG TOE NAILS" BEING BADLY INFECTED WITH FUGUS. ( THIS ALSO HAS BEEN GRIEVANCED

12

YET AND STILL NO MEDICAL ATTENTION HAS BEEN GIVEN.)

PLAINTIFF ATTENDED THE SHOWER (FOR THE 1ST AND ONLY TIME WITHIN HIS 14 DAY CONFINE- MENT IN SEGREGATION, ON 07.14.2024) AND IT WAS ATROCIOUS, COMPLETELY UNSANI- TARY, INFESTED WITH GERMS, MOLD, URINE STAINS, RUST, ETC. (PLAINTIFF REQUEST HEALTH AND SANITATION INSPECTORS TO COME INVESTIGATE THE CLEAR HEALTH AND SAFETY VIOLATIONS.)

PLAINTIFF HAS NOT BEEN GIVE ANY RECREATION INDOOR OR OUTDOOR WHILE HOUSED IN SEGREGATION. THE CELLS ARE TO SMALL TO EXERCISE IN WHICH PLAINTIFF KNOWS THE WARDEN IS AWARE OF DUE TO A PENDING SUIT PLAINTIFF FILED IN 2023. (THIS PROVES THE WARDEN'S LACK OF ACTION TO PROVIDES RECREATION IS A DELIBERATE INDIFFERENCE

13

SEE FRENCH V. WILLS ET AL.   3:25-CV-02948-DWL )

PLAINTIFF'S BASIC HUMAN NEEDS OF SANITATION HAVE BEEN DEPRIVED! TWICE THERE WERE FLOODS THAT WREAKED OF URINE AND FECES THAT INVADED MY CELL WHICH I HAD TO CLEAN WITH ~~XXXXXXX~~ MY OWN **TOWELS** AND SOAP, I WAS NOT GIVEN GLOVES NOR A HEP C, OR ANY TYPE OF INFECTION/ DISEASE TESTING DUE TO PLAINTIFF HAVING TO CLEAN THE FLITH HIS SELF. (PLAINTIFF REQUEST 07.04.24 AND 07.07.2024 CAMERA FOOTAGE THOSE ARE THE DAYS THE FLOODS TOOK PLACE.) DUE TO THE WASTE, URINE AND FECES FLOODINGS AND THE FAILURE TO CLEAN AND SANITIZE IMMEDIATELY AND PROPERLY THE ENVIROEMENT IS INFESTED WITH BUGS AND INSECTS.

AS OF THE FILING OF THIS MANDAMUS

PLAINTIFF HAS BEEN IN SEGREGATION 14 DAYS AND THE TOTALITY OF HIS CONDITIONS OF CONFINEMENT ARE COMPLETELY INHUMANE AND VIOLATE THE HEALTH AND SAFETY CODE. WHICH IS WHY PLAINTIFF RESPECTFULLY REQUEST THE RELIEF STATED BELOW;

1 IMMEDIATE TRANSFER TO ANOTHER FACILITY.

2. IMMEDIATE HEALTH CARE TREATMENT DUE TO THE EXPOSURE TO FILTH, WASTE, FECES AND URINE.

3. PLAINTIFF RECIEVE # 75.00 ( SEVENTY FIVE DOLLARS ) EVERYDAY HE ENDURES THESE CONDITIONS IN SEGREGATION AS THEY VIOLATE THE DEPARTMENT RULES OF ILLINOIS DEPARTMENT OF CORRECTIONS AND THE 8TH AMENDMENT, IN WHICH PLAINTIFF PROVES THE DELIBERATE INDIFFERENCE OF MENARD C.C. STAFF AND ADMINISTRATION BY THE SHOWING OF A PENDING SUIT REGARDING THESE SAME CIRCUMSTANCES WITHIN THE SAME UNIT/FACILITY.

15